(May 28, 1900.)

## URQUIDE v. FLANAGAN.

[61 Pac. 514.]

TITLE BY PRESCRIPTION—ADVERSE POSSESSION—PAYMENT OF TAXES.—
Where U. purchased land of F., which is inclosed by a fence, and
within said inclosure is a small tract of land not within the
description of the deeds given by F. to U., which small tract is in
the possession, occupied, used and claimed by U. for a period of
fourteen years, he exercising acts of control and ownership there-
over, and where it appears from the record that such tract of land
had not been assessed for taxation, according to law, or at all,
*held*, sufficient to establish adverse possession under the pro-
visions of section 4043 of the Revised Statutes.

(Syllabus by the court.)

APPEAL from District Court, Ada County.

Hawley, Puckett & Hawley, for Appellant.

Our Revised Statutes, section 4036 et seq., prescribe the time
and the circumstances under which a claim of adverse posses-
sion to realty can be maintained; and is in accordance, except
as to the matter of time, with the practice and statutes of most
of the other states of the Union, and a literal copy of chapter
2, title 2 of the California Code of Civil Procedure. The su-
preme court of that state has held that an adverse possession
within the time prescribed by the statute of limitations will
ripen into a title whether such possession is or is not founded
on a written instrument. (*Kimball v. Lohmas,* 31 Cal. 154.)
Also that the very essence of adverse possession is that the
holder claims the right to his possession not under, but in,
opposition to the title to which his possession is alleged to be
adverse. (*Farrish v. Coon,* 40 Cal. 33; *Unger v. Mahoney,*
63 Cal. 586, 49 Am. Rep. 100; *Thompson v. Felton,* 54 Cal.
547; *Sullivan v. Zeiner,* 98 Cal. 346, 33 Pac. 209; *Silvarer v.
Hansen,* 77 Cal. 579, 29 Pac. 136; *McManus v. O'Sullivan,* 48
Cal. 7; *Mauldin v. Fox,* 67 Cal. 387; 1 Am. & Eng. Ency. of
Law, 2d ed. 790, and notes; *Corning v. Gould,* 16 Wend, 531;
*Schneider v. Botsch,* 90 Ill. 577; *Turney v. Chamberlain,* 15

Ill. 271.) The maintenance of fences and other substantial inclosures raises a strong presumption of notice. (Tiedeman on Real Property 533; *Lane v. Gould,* 10 Barb. 254; *Poignard v. Smith,* 6 Pick. 172; *Dyer v. Eldridge,* 136 Ind. 654, 36 N. E. 522; *O'Donnell v. Penney,* 17 R. I. 164, 20 Atl. 305; *Dale v. Jackson,* 55 Hun. 611, 8 N. Y. Supp. 715.) Parties acquiescing in boundary lines for the statutory time, or by conduct fixing such lines, are estopped from saying they are not the true lines. (*Cleveland v. Obenchain,* 107 Ind. 591, 8 N. E. 624.) Where a division line has for the statutory period been treated as the true line, it cannot be disturbed. (*Wilmarth v. Woodcock,* 9 Coast Rep. 895; *McAninech v. Smith,* 19 Mo. App. 240.)

Fremont Wood and Edgar Wilson for Respondent Flanagan.

Section 4040, of the Revised Statutes, after specifying how property may be held adversely, says: "Except that when it consists of a tract divided into lots, the possession of one lot is not deemed a possession of any other lot of the same tract." (*Carter v. Ruddy,* 166 U. S. 493, 17 Sup. Ct. Rep. 643.) It is the universal rule that statutes of limitation are to be strictly construed. (2 Estee's, sec. 3788; *Tyan v. Walker,* 35 Cal. 634, 95 Am. Dec. 152.) A plat and survey in connection with other evidence may be used in fixing the origin, date and limits of the possession. (*Dorr v. Sschool Dist.,* 40 Ark. 237.) Where boundaries are given on a town map a person claiming under color of title must claim under such map, in order to avail himself of it. (*St. Louis v. Gorman,* 29 Mo. 593, 77 Am. Dec. 586; Tyler on Ejectment, 875; *Brandt v. Ogden,* John. 156.) The possession must not only be actual, but also visible, continuous, notorious, distinct and hostile. (Wood on Limitation of Actions, 514.) It is not possession alone, but that it is accompanied with the claim of the fee, which by construction of law is deemed *prima facie* evidence of such an estate. (Buswell on Limitation of Actions, 328; *Jackson v. Porter,* 1 Paine (C. C.), 457, Fed. Cas. No. 7143; *Brown v. Gay,* 3 Me. 126; *Gilchrist v. McLaughlin,* 7 Ired. 310.) In no case shall adverse possession be considered established under the provisions

of any section of this code, unless it shall be shown that the land has been occupied and claimed for the period of five years continuously, and the party or persons, their predecessors and grantors, have paid all the taxes, territorial, county or municipal, which have been levied and assessed upon such land according to law. (*Brose v. Boise City Ry. etc. Co.*, 5 Idaho, 694, 51 Pac. 753; *Green v. Christie*, 4 Idaho, 438, 40 Pac. 54; section 325 of Deering's Code of Civil Procedure, identical with ours, and cases there cited; *Carpenter v. Lewis*, 119 Cal. 18, 50 Pac. 925; McKinstry, J., in *McNoble v. Junstiniano*, 70 Cal. 395, 11 Pac. 742; Cal. Code Civ. Proc., sec. 325; *Webb v. Clark*, 65 Cal. 56, 2 Pac. 747; *Ross v. Evans*, 65 Cal. 439, 4 Pac. 443.)

SULLIVAN, J.—This suit was brought to quiet title to a triangular piece of land situated in block 29, Boise City. The complaint alleges that the plaintiff is owner in fee and also has had actual possession of the land in controversy adverse to defendants, for more than five years prior to the commencement of this action. It appears from the record that the defendant Flanagan conveyed to the plaintiff, who is the appellant here, by deed dated July 25, 1882, all of lots 4 and 5, block 29, Boise City, lying north of the ditch of Boise Valley Ditch Company. Also, a deed from said Flanagan to the appellant, dated November 10, 1883, conveying to appellant all of lots 3 and 6 in said block 29, lying north of said ditch, being fifty feet front, each, on the alley; also, a strip of land, ten feet wide, lying easterly of and adjoining said lot 6, and running from the southerly end of First street southerly, along the easterly line of Boise City and said lot 6, to said ditch. Plats of Boise City dated 1867 and 1890, respectively, were introduced in evidence. The record also shows that said First street was never opened or extended southerly from Main street, and that the alley indicated as running through said block 29 has never been opened across the land in controversy; that, at the time of the purchase of said premises, they were inclosed by a fence, which inclosure also included the land in dispute; that said fence was constructed by the grantors of respondent Flanagan; that said fence has never been removed, but on several occasions has been

repaired by appellant, and that at the time of the commencement of this action it was substantially where it was originally constructed; that appellant had for many years maintained a gate on said ten feet of ground, leading from said lots to Main street, which, when closed, inclosed the tract in dispute, in common with said four lots; that since November 10, 1883, the appellant has been in possession of all land in said inclosure, including the tract in dispute, and has exercised control, dominion, and ownership over the same, and since that date has used the same in connection with his business as a packer, as a corral in which to keep his pack horses and mules and to store his packing paraphernalia, and has resided upon said premises since 1882. We have searched the record in vain for evidence showing, or even tending to show, that Flanagan had claimed any interest in, or had exercised any acts of control or ownership over, said tract in dispute, since the date of the last deed from him to appellant, to wit, November 10, 1883, and since he surrendered the possession thereof to appellant, down to the year 1897. Thus, for fourteen years (from 1883 to 1897) the appellant was in the actual possession of the land in dispute, had it inclosed with a substantial fence, and claimed it as his own, adversely to respondent and the rest of the world. In 1897 appellant erected a small building on the land in dispute, and immediately thereafter respondent notified him to remove said building; and from that time on there have been numerous disputes over the rights of the parties to said disputed tract, both claiming to be the owners thereof. On the foregoing facts, the court found that respondent Flanagan was at the commencement of this suit, and for more than five years before that time, and thence continuously up to that time, had been in the quiet and peaceable possession and occupation of the land in dispute, and that said respondent entered into the possession of said disputed tract March 4, 1881, claiming it in his own right, and that he had ever since that date been in the possession of the same, using and claiming the same in his own right from that date to the present time adversely to all the world, and especially as against appellant. There is not a scintilla of evidence in the record sustaining said findings of fact, so far as the

possession of said disputed tract is concerned, from November 10, 1883, down to the commencement of this suit. Said findings are not supported by the evidence, and the court erred in making them; and the same is true of findings numbered 3, 4, 5, 6 and 10.

After respondent had conveyed to appellant said' lots 3 and 6, and the ten foot strip bordering on said lot 6, and extending to Main street (November 10, 1883), the tract in dispute was entirely surrounded by the land conveyed to appellant, and the land owned by the city and conveyed to respondent Fontes, and was completely segregated from the land conveyed to respondent Flanagan by Thomas Davis. It was inclosed by the fence above referred to, in common with said lots 3, 4, 5, and 6, and was in the possession and under the absolute and exclusive control of appellant for about fourteen years; and during all of that time the respondent Flanagan did not have the possession of it, and, so far as the record shows, claimed no right, title, or interest therein. These facts indicate at least that he intended to convey to appellant the land in dispute, as during all of that time he left him in the quiet, peaceable, and exclusive possession thereof.

It is contended by counsel for respondent that title was not acquired by appellant by adverse possession, for the reasons— First, that he did not hold open and notorious possession under claim of right; and, second, he failed to pay taxes as required by section 4043 of the Revised Statutes. That section provides that, for the purpose of constituting adverse possession, land is deemed to have been possessed and occupied (1) where it has been protected by a substantial fence; (2) where it has been usually cultivated or improved. And it provides that in no case shall adverse possession be considered established, under the provisions of the code, unless it shall be shown that the land has been occupied and claimed for a period of five years continuously, and that the party or persons, their predecessors and grantors, have paid all taxes which have been levied and assessed upon such land according to law. That the land in dispute has been protected by a substantial inclosure, and has been occupied and claimed by appellant for a period of about four-

teen years prior to 1897, is clearly shown by the evidence; and we think the record sufficiently shows that said land had not been assessed according to law during that period, and until 1897, when it was assessed to appellant, who paid the taxes so assessed. As above stated, it was entirely segregated from other land sold and conveyed to the respondent Flanagan by Davis, and the statement that Flanagan had paid taxes on all land conveyed to him by deeds from Davis, except such as was embraced in deeds from Flanagan, is not sufficient; being too vague, indefinite, and uncertain to show that the land in dispute was ever assessed according to law. And we think the reasonable inference from all of the evidence is that the land in dispute was not, from 1883 to 1897, assessed according to law. If it was, we conclude that it was assessed as part of said lots 3, 4, 5 and 6, and appellant paid the taxes thereon. The judgment is reversed, and the cause remanded. Costs of this appeal are awarded to appellant.

Huston, C. J., and Quarles, J., concur.