## UTAH COPPER CO. v. CHANDLER.
## UTAH COPPER CO. v. BINGHAM INVESTMENT CO.

Nos. 2610-1.   Decided August 14, 1914 (142 Pac. 1119).

1. ADVERSE POSSESSION—PAYMENT OF TAXES—MINING CLAIMS. Though Comp. Laws 1907, section 2866, provides one cannot establish adverse possession to land unless he has paid all the taxes which have been levied and assessed on it, defendants could get title by adverse possession to improved parcels of the surface of a mining claim, as distinguished from the mining claim itself, notwithstanding plaintiff had paid the taxes assessed on the claim; the claim and the improved surface used for other than mining purposes being, under section 2504, taxable independently of each other. (Page 86.)

2. ADVERSE POSSESSION—PAYMENT OF TAXES. If no taxes are lawfully assessed, payment of taxes is not necessary to acquisition of title by adverse possession, under Comp. Laws 1907, section 2866, providing one cannot establish adverse possession unless he has paid all taxes levied and assessed on the land according to law. (Page 86.)

Appeal from District Court, Third District, *Hon. T. D. Lewis,* Judge.

Action by the Utah Copper Company against George E. Chandler and others.

Judgment for defendants. Plaintiff appeals.

AFFIRMED.

*Parsons & Parsons* for appellant.

*W. H. Bramel* for respondents.

STRAUP, J.

There are two cases—the same plaintiff, different defendants, and different parcels of land.

The plaintiff is the owner of a mining claim in Bingham Canyon. The defendants claim parcels (town lots) of the surface ground by adverse possession; the defendant the

86        SUPREME COURT OF UTAH.        [August

Utah Copper Co. v. Chandler—v. Bingham Inv. Co., 45 Utah 85.

Bingham Investment Company a parcel about 23x30 feet, a part of a lot in the town of Bingham Canyon, and upon which is erected and maintained a dwelling house; the defendant Chandler a parcel about 26x50 feet, upon which is erected and maintained a hall.

The cases were tried to the court upon agreed statements of fact. These the court adopted as its findings, and upon them rendered judgment in favor of the defendants. The plaintiff appeals. The cases are submitted together. They turn on the question of the payment of taxes.

Our statute (Comp. Laws 1907, section 2866) provides:

"In no case shall adverse possession be considered established under the provisions of any section of this Code, unless it shall be shown that the land has been occupied and claimed for the period of seven years continuously, and the party or persons, their predecessors, and grantors have paid all taxes which have been levied and assessed upon such land according to law."

The plaintiff contends that it, and not the defendants, paid all the taxes lawfully levied and assessed against the premises in dispute. The agreed statements show that the plaintiff paid all the taxes levied and assessed    **1, 2** on the mining claim under section 2504, R. S. 1898, and amendments thereto, a tax levied on mines and mining claims at a valuation of five dollars per acre, the price paid to the Government, and that there was no assessment or taxation against the plaintiff on the lots or the improvements thereof; it paid no such or any tax on any part of the surface ground, other than as assessed against the claim itself under the section mentioned. The agreed statements further recite that the defendants and their grantors paid all the taxes assessed to them or in their names and all the taxes supposed to be on the lots and premises in question; but that the lots and improvements thereon were not "by the assessment roll or tax records described with sufficient certainty to identify the same." They further recite:

"It is agreed that the assessments upon the Mirror Lode Mining Claim and those solely upon the premises constituting the subject-matter of this controversy, if the latter be

found to have been made according to law, shall in no manner be regarded as double assessments, but, on the contrary, each assessment shall be in itself a separate and distinct assessment, cumulative rather than double. All right of either party to avail themselves of any issue or issues that might be raised on the ground of a double assessment is hereby waived.''

The statements in some respects are uncertain and ambiguous, but the fair meaning deduced from them is that the mining claim itself was assessed to the plaintiff, and that it paid all such taxes; that the lots and improvements thereon were assessed separately from and independently of the mining claim, but the descriptions thereof were not sufficiently certain to identify them, but whatever taxes were so levied and assessed were paid by the defendants.

Section 2504, *supra,* provides that all mines and mining claims shall be taxed at the price paid the United States therefor, unless the surface ground, or some part thereof, of such mine or claim is used for other than mining purposes, and has a separate and independent value for such other purposes, in which case the surface ground, or any part thereof, so used for other than mining purposes, shall be taxed at its value for such other purposes. The defendants claim no title to the mining claim itself. They claim title to the parcels of the surface ground, the town lots occupied and improved by them. Such parcels or lots were occupied, used, and improved for purposes other than mining purposes, and as such had a separate and independent value, and were subject to taxation independently of the mine or mining claim. They, with the improvements thereon, were intended and attempted to be assessed separately from and independently of the mining claim. Because of the uncertainty of the descriptions on the assessment roll and tax records of such parcels or lots and the improvements thereon, the claim is made that the assessments and taxes were void, and hence the defendants could not make title by adverse possession by paying a tax not lawfully assessed. To make good title by adverse possession, the defendants were required to pay all taxes lawfully levied and assessed against the premises

so claimed by them. If, however, no taxes were lawfully assessed or levied against the premises so claimed and occupied by them, they could acquire title by adverse possession without payment of taxes. That seems to be the holding of the California and other courts under statutes similar to ours. In *Oneto* v. *Restano*, 78 Cal. 374; 20 Pac. 743, the court said:

"It is argued for the plaintiff that, in order to recover upon this ground (adverse possession), the defendant must show that he paid all the taxes which have been assessed. It has been held, however, that, if no taxes are found to have been assessed, it need not be found that the party claiming by adverse possession has paid taxes. *Heilbron* v. *Last Chance Co.*, 75 Cal. 117 (17 Pac. 65). In other words, the requirement as to the payment of taxes does not apply where none have been assessed to anybody."

In *Harvey* v. *Meyer*, 117 Cal. 60; 48 Pac. 1014, that court again held that:

"One who has held actual adverse possession of part of a town lot originally belonging to another, for the full period prescribed by the statute of limitations, acquires a prescriptive title thereto without the payment of taxes thereon, if no valid assessments have been levied thereon; and, where assessments of taxes paid by the former owner of the lot and his heirs are void for want of a proper description of the lot in the assessments, such payments do not affect the prescriptive title."

The Supreme Court of Idaho reached the same conclusion. *Urquide* v. *Flanagan*, 7 Idaho 163; 61 Pac. 514.

If, therefore, the descriptions of the lots and the improvements thereon, so separately assessed from the mining claim itself, were so uncertain as not to identify the same and to make the tax void, then were the defendants not required to pay such taxes to acquire title by adverse possession. If, on the other hand, such tax was lawfully assessed, then, under the agreed statements, did the defendants, and not the plaintiff, pay them, and, in either event, the defendants acquired title by adverse possession.

We are therefore of the opinion that correct conclusions were reached, and that the judgments should be affirmed, with costs. Such is the order. Let it be entered in each case.

McCARTY, C. J., and FRICK, J., concur.