(March 3, 1923.)

WILLIAM A. PLEASANTS and FRANCES A. PLEAS- ANTS, Appellants, v. MAUD HENRY and A. M. HENRY, Respondents.

[213 Pac. 565.]

QUIETING TITLE—TITLE BY ADVERSE POSSESSION—ACTUAL OCCUPANCY —BURDEN OF PROOF—EVIDENCE—INSUFFICIENCY OF—FINDINGS OF FACT.

1. While findings of fact are required upon all material issues, a decree will not be reversed, however, for want of a finding upon one such issue raised by the pleadings and sustained by the evidence, when such a finding would neither affect nor prevail over the other findings in the case.

2. The burden of proving all the essential elements of adverse possession is upon the party relying upon title by adverse possession.

3. Respondents not having established a continued occupation and possession of the property, covering any period of five years prior to the commencement of the action, the evidence is not sufficient to sustain the findings of fact, the conclusions of law and the decree entered thereon.

4. The contention that actual notice to the true owner of land that another claims adversely to him, if continued for a period of five years, dispenses with the necessity of actual and continued occupation and possession to constitute title by adverse possession, cannot be sustained under our statutes.

5. Actual and continuous occupation and possession of real property is necessary to acquire title by adverse possession. Possession is one of the indispensable elements in adverse possession; and the fact that the true owner is aware of the hostile claim does not dispense with the necessity of actual continuous occupation and possession for the requisite period.

APPEAL from the District Court of the Seventh Judicial District, for Canyon County.

Action to quiet title. Judgment for defendants. *Modified.*

Rhodes & Partridge, for Appellants.

The question of the validity of the respondents' tax deed was squarely raised by the pleadings and the evidence, and it was the duty of the court to find upon this question. (*Carson v. Thews,* 2 Ida. 162, 9 Pac. 605; *Wilson v. Wilson,* 6 Ida. 597, 57 Pac. 708.)

The burden was upon the respondents to show by clear and satisfactory evidence every element necessary to constitute adverse possession. (*Brown v. Brown,* 18 Ida. 345, 110 Pac. 269; *Altschul v. O'Neil,* 35 Or. 202, 58 Pac. 95.)

The mere claim or intention to claim possession is not sufficient to constitute adverse possession. (2 C. J. 76; *Hart*

Publisher's Note.

3. Actual possession as necessary to give title by adverse possession under invalid tax title, see note in 22 A. L. R. 550.

*v. All Persons,* 26 Cal. App. 664, 148 Pac. 236; *Brumagim v. Bradshaw,* 39 Cal. 24.)

Respondents could not claim adversely while appellants, their tenants or any other person in privity with them were in possession, for the possession to be adverse must be exclusive and continuous. (2 C. J. 120; *Strom v. Hancock Land Go.,* 70 Or. 101, 140 Pac. 458; *Duputron v. Young* (U. S.), 10 Sup. Ct. 539; *Holtzman v. Douglas,* 168 U. S. 278, 18 Sup. Ct. 65, 42 L. ed. 466.)

Possession is presumed to follow the legal title, and until there was an actual ouster of appellants and all other persons not in privity with respondents, no adverse claim was or could be initiated. (2 C. J. 248; *Morris v. St. Louis Nat. Bank,* 17 Colo. 231, 29 Pac. 802; *Fleming v. Howell,* 22 Colo. App. 382, 125 Pac. 551; *Kimball v. Stormer,* 65 Cal. 116, 3 Pac. 408; *Swift v. Mulkey,* 14 Or. 59, 12 Pac. 76; *Mattes v. Hall,* 21 Cal. App. 552, 132 Pac. 295; *Christy v. Spring Valley Waterworks,* 97 Cal. 21, 31 Pac. 1110; *Wheatley v. San Pedro, L. A. & S. L. R. Co.,* 169. Cal. 505, 147 Pac. 135.)

H. E. Wallace, for Respondents.

Findings need not be direct and specific, but may be general. (*Shurtliff v. Extension Ditch Co.,* 14 Ida. 416, 94 Pac. 574; *Nelson-Bennett Co. v. Twin Falls Land & Water Co.,* 14 Ida. 5, 93 Pac. 789.)

When a cross-complaint sets forth two causes of action or grounds for relief either of which in itself is sufficient to support a judgment, findings upon either is sufficient and there is no necessity of making findings upon the other issues which, if made, would not invalidate the judgment. (*Wood v. Broderson,* 12 Ida. 190, 85 Pac. 490; *Later v. Haywood,* 14 Ida. 45, 93 Pac. 374; *Hamilton v. Spokane & Palouse R. Co.,* 3 Ida. 164, 28 Pac. 408; *Malone v. Del Norte Co.,* 77 Cal. 218, 19 Pac. 422; *Brison v. Brison,* 90 Cal. 323, 27 Pac. 186; *Difendorf v. Hopkins,* 95 Cal. 343, 28 Pac. 265, 30 Pac. 549.)

Tax deed is color of title upon which adverse possession may be based. (*Little v. Crawford,* 13 Ida. 146, 88 Pac. 947.)

Neither actual occupation, cultivation nor residence is necessary to constitute actual possession. (2 C. J. 57, sec. 8; *Brumagim v. Bradshaw,* 39 Cal. 24.)

Possession or exercise of ownership is for the purpose of notice which is only equivalent to and takes the place of direct proof of actual notice to the true owner. (2 C. J., pp. 54, 55, sec. 6; p. 75, sec. 57; p. 77, sec. 59, note 73; p. 78, sec. 61.)

WM. E. LEE, J.—In 1904, appellants purchased certain real property in the city of Nampa from Cushman & Leek. Title thereto was taken in the name of the wife, Frances A. Pleasants. The property was situated within the Nampa-Meridian Irrigation District, hereinafter referred to as the district, and was assessed for taxes by the district up to and including the year 1909 in the name of Cushman & Leek, the grantors of appellants, although the deeds to Frances A. Pleasants were recorded in 1904. The tax levied and assessed by the district for either the year 1908 or 1909 was not paid. Because of the nonpayment of this tax, a delinquency certificate was issued by the district and sold to Maud Henry, one of the respondents. No redemption having been made, a tax deed was issued by the district and delivered to her on April 27, 1911. This deed was never recorded, and was destroyed by fire in respondents' home about the year 1914. On January 16, 1920, subsequent to the filing of the pleadings in this action, Maud Henry procured a duplicate deed from the district and had the same recorded. In 1912 or 1913, appellants knew that Maud Henry possessed a tax deed to this property, and from that time until this action was commenced as many as twelve or fifteen conversations took place between the parties looking to what they termed a "redemption," or a conveyance to appellants of the title held by Maud Henry under the tax deed, but they were never able to get together on the

amount of the consideration. In 1907, one Jacob Lockman made an arrangement with appellants, under which he was to fence and use this property. This arrangement was indefinite as to the termination of the right acquired by Lockman to so use and occupy the property, but in 1907 he fenced the major portion thereof, that lying on one side of the Phyllis Canal, and continued to use the same under the arrangement made with appellants until the spring of 1917, when, for the first time, respondents told Lockman, in substance, that the property belonged to them. Lockman continued to use it for two or three years thereafter. Respondents, soon after delivery of the deed to them in 1911, "cleared some weeds" off the portion of the land lying on the other side of the Phyllis Canal from the main body of the land, and repaired the fence built by Lockman, "stapled up the wires," as Mrs. Henry expressed it. The evidence is not satisfactory as to any other work done by respondents on the main body of the land up to 1917, and whatever work was done was not sufficient to cause Lockman to discover that any had been done. Respondents have probably so occupied and possessed the land in controversy, as to constitute an adverse possession since the spring of 1917.

In 1919, appellants commenced this action to quiet title. Respondents filed an answer, denying the material allegations of the complaint. Respondents also sought affirmative relief against appellants by way of cross-complaint. The cross-complaint contained two counts. In the first count or ground of their cross-complaint, it is alleged that respondents were the owners of the premises by virtue of a tax deed issued and delivered to them by the district. For a second count or ground of their cross-complaint, respondents alleged title to the premises by adverse possession. Appellants filed an answer, specifically denying the material allegations of the cross-complaint. The cause was tried to the court. Findings of fact and conclusions of law were made and filed, and a decree entered thereon in favor of respondents and against appellants.

Among the specifications of error assigned are the following: The failure of the court to find in appellants' favor upon the allegations of their complaint; the failure of the court to make a finding upon the issue of the validity of the tax deed; and the insufficiency of the evidence to sustain the findings in favor of respondents and the decree entered thereon.   The foregoing assignments will be considered together.

We have very carefully examined the evidence in this case and we are of the opinion that the tax deed is void. This was in all probability the view of the lower court, and doubtless accounts for its failure to make a finding on that issue.   The court, however, found that the deed was duly executed by the district, that it purported to convey to respondents Block 78 of Griffith's and King's Addition to the city of Nampa, including the property in controversy, and that the tax deed was delivered by the district to respondents in 1911.   The court also made other findings in favor of respondents on the issue of adverse possession.

There is no error, however, in the failure of the lower court to find upon the issue presented as to the validity of the tax deed.   The court could have found that the tax deed was void, and such a finding would not have conflicted with the other findings upon the issue of adverse possession. While findings of fact are required upon all material issues, a decree will not be reversed for want of a finding upon one such issue raised by the pleadings and sustained by the evidence, when such a finding would neither affect nor prevail over the other findings in the case.

This tax deed was sufficient to constitute a claim of title founded upon a written instrument, and from and after the delivery thereof in 1911, Maud Henry possessed color of title in and to the property in question.   She has also satisfied another of the requirements of the law to establish title by adverse possession, as she has paid the taxes on the land for the requisite period.   The evidence therefore shows that respondents possessed color of title to the property, and that they paid the taxes levied upon and against the land

for the required period of time. But have they possessed
and occupied the property, according to the provisions of
C. S., sec. 6601, for the requisite period? The evidence
shows that there was a fence on the premises in dispute in
1907, which was, at the time of the trial, sufficient to turn
stock, and that respondents at one time, about 1911, "stapled
up the wires" on some part of this fence. There is a total
lack of evidence as to the extent of such repairs, or that
they were at all necessary. About the same time, respond-
ents cleaned off some weeds on the smaller tract across the
Phyllis Canal, and permitted some other use or possession of
the smaller tract within the last two or three years. We
are in no way interested in the smaller tract across the
Phyllis Canal, however, because, for some reason, appel-
lants' attorney, at the trial of this cause, expressly dis-
claimed any title or claim to that portion of the property.
During all the time from 1907 to 1917, Lockman used the
property under an arrangement with appellants made in
1907, and Lockman did not know until 1917 that respondents
made any claim to or had any interest in the property; and
still respondents, as they contend, occupied and possessed the
property in dispute from 1911 until 1917, but without such
occupancy or possession becoming known to the man who
was actually using the property as a pasture.

The burden of proving all the essential elements of ad-
verse possession is upon the party relying upon title by ad-
verse possession, and the burden of proof is in this case
upon respondents.

"In the case at bar, the respondents are endeavoring to
have quieted in them the title to certain real estate, the legal
title to which is in the appellant. They are endeavoring to
procure the title under the rule of long acquiescence or ad-
verse possession, and in order to succeed, they must establish
their right under the well-established rules of law by clear
and satisfactory evidence, . . . . " (*Brown v. Brown,* 18
Ida. 345, 110 Pac. 269.)

Applying the foregoing rule of evidence to the facts in
this case, we find that respondents have not established a

continued occupation and possession of the property, covering any period of five years prior to the commencement of the action. In this respect, therefore, the evidence is not sufficient to sustain the findings of fact, the conclusions of law and the decree entered thereon.

"All the authorities agree that, in order to bar the true owner of land from recovering it from an occupant in adverse possession and claiming ownership through the operation of the statute of limitation, the possession must have been, for the whole period prescribed by the statute, actual, open, visible, notorious, continuous, and hostile to the true owner's title and to the world at large." (1 R. C. L. 686, and cases therein cited.)

Counsel for respondents argue that in order to make good a claim of title by adverse possession, the true owner must have actual knowledge of the hostile claim, *or* the possession must be open, visible and notorious so as to raise a presumption of notice to the world that the right of the true owner is invaded intentionally and with a purpose to assert a claim of title adversely to him. In other words, counsel seems to argue that actual notice to the true owner that another claims adversely to him, if continued for a period of five years, dispenses with the necessity of the requirement of actual and continued occupation and possession to constitute title by adverse possession.

This contention cannot be sustained under our statutes, particularly under C. S., sec. 6603, which provides:

" . . . . That in no case shall adverse possession be considered established under the provisions of any sections of this code unless it shall be shown that the land has been *occupied and claimed* for the period of five years continuously, and the party or persons, their predecessors and grantors, have paid all the taxes, state, county or municipal, which have been levied and assessed upon such land according to law."

"Under the provisions of that section (C. S., sec. 6603), one cannot obtain title by adverse possession unless it shall be shown that the land has been occupied and claimed for

a period of five years continuously, and that the party or persons, their predecessors and grantors, have paid all taxes, state, county or municipal, which shall have been levied and assessed upon such land according to law." (*Brown v. Brown, supra.*)

"Hence, an open and notorious occupation with hostile intent is a necessary constituent of an adverse possession. Neither a hostile intent without such occupation, nor such occupation without hostile intent, is sufficient." (*Unger v. Mooney,* 63 Cal. 586, 49 Am. Rep. 100.)

"A mere intention to occupy land, however openly proclaimed, is not possession. The intention must be carried into actual execution by such open, unequivocal and notorious acts of dominion, as plainly indicate to the public that the person who performs them has appropriated the land and claims exclusive dominion over it. Anything short of this is not what the law denominates actual possession." (*Brumagim v. Bradshaw,* 39 Cal. 24; *Hart v. All Persons,* 26 Cal. App. 664, 148 Pac. 237.)

The actual and continuous occupation and possession of real property is necessary to acquire title by adverse possession. Possession is one of the indispensable elements in adverse possession; and the fact that the true owner is aware of the hostile claim does not dispense with the necessity of actual continuous occupation and possession for the requisite period.

Respondents must not be unduly prejudiced by the decision of this court. Appellants, therefore, as a condition precedent to having their title quieted against respondents, must pay to them, or to the clerk of the district court for their use and benefit, all sums paid out by them for taxes and penalties prior to the filing of the complaint, together with interest. Respondents were not at fault in bidding on the property, and they should not now be required to pay the costs in the district court. Costs in the district court should therefore be taxed against appellants. Since in our opinion, the district court did not rightly decide this case, and it

became necessary for appellants to prosecute this appeal, the costs of the appeal will be taxed against respondents.

Upon the performance of the foregoing conditions by appellants as to the taxes, the court will modify its findings and conclusions and enter a decree in harmony with the views herein expressed, quieting the title of appellants in and to all that portion of the land claimed by them in the trial of this cause. As to that portion of the land, the title and ownership of which was disclaimed by appellants, the decree of the lower court will stand.

Dunn and William A. Lee, JJ., concur.