[Civ. No. 6206. Second Appellate District, Division One.—March 1, 1929.]

LAS POSAS WATER COMPANY (a Corporation), Appellant, v. COUNTY OF VENTURA, Respondent.

Farrand & Slosson for Appellant.

Edward Henderson and James C. Hollingsworth for Respondent.

CRAIL, J., *pro tem.*—The sole question presented for the determination of the court is whether the defendant by the deed herein described, acquired the title in fee to the strip of land in controversy or only an easement for road purposes. Defendant's rights therein were acquired by deed executed and delivered to it on the sixth day of April, 1889, by the then owners of the property through which the strip runs. About three years later the same grantors granted to appellant a right of way over the same strip together with a right to enter upon, use and enjoy the same, in the operation, maintenance, repair, extension, and use of its water distribution system.

The question is whether the first-mentioned deed conveyed to defendant the fee to the land described in the deed or only an easement for road purposes. The trial court held that it conveyed the fee. It is the contention of the appellant that only an easement for a public road was granted by this deed, and therefore the owners of the land over which the strip runs had a right to subsequently grant the right of way to appellant for its pipe-lines subject to the right of way for road purposes previously conveyed to respondent. The granting part of the deed to defendant reads as follows:

"Witnesseth, that the said parties of the first part . . . have remised, released and forever quitclaimed and by these presents do remise, release and forever quitclaim, unto the said party of the second part, and its successors, all that certain strip or parcel of land situate, lying and being in the said county of Ventura, state of California, and particularly bounded and described as follows, to-wit:

"A strip of land 60 feet wide that is 30 ft. on either side of the following described line (then follows description).

"The total length of the road described in the foregoing field notes is 19 miles 18 chains and 47 links, . . .

"Together with all and singular the tenements, hereditaments and appurtenances, thereunto belonging, or in anywise appertaining and the reversion and reversions, remainder and remainders, rents, issues and profits thereof and also all the estate, right, title, interest, property, possession, claim and demand whatsoever as well in law as in equity of the said parties of the first part of, in or to the said premises and every part and parcel thereof, with the appurtenances."

The *habendum* clause reads as follows: "To have and to hold, all and singular the said premises together with the appurtenances unto the said party of the second part, its successor and successors forever as a public highway."

It is appellant's contention that the use in the instrument of the words "the road" and the use in the *habendum* clause of the words "as a public highway," indicated an intention of the grantors simply to convey an easement to the county for highway purposes and not to grant the fee, and, furthermore, that under section 2631 of the Political Code, it appearing on the face of the instrument that the strip therein described was for road purposes, that all the respondent could take by virtue of the deed, regardless of rules of construction, was an easement for highway purposes.

 The following rules of construction, among others, are applicable: The whole of a contract is to be taken together, so as to give effect to every part if reasonably practicable, each clause helping to interpret the other (Civ. Code, sec. 1641); a grant is to be interpreted in favor of the grantee (Civ. Code, sec. 1069); where there is an asserted modifying or limiting clause in a deed if such clause be of doubtful import the fee contemplated by the granting clause of the deed will not be cut down. (*Cooper* v. *Selig*, 48 Cal. App. 228 [191 Pac. 983]; 9 Cal. Jur. 254.)

In the case of *Cooper* v. *Selig, supra*, the court construed a somewhat similar deed. This deed was in the usual form of a grant, bargain and sale deed, but provided in the *habendum* clause that it was "for the purposes of a public road of said city." After reviewing the authorities in California and elsewhere, the following language is used: "While the case is not free from difficulty, yet, we think, the recital of the purpose for which the land was to be used should have no greater force than if the grantee in consideration of the conveyance had promised to use the land for the purposes of a highway. If such had been the case, it would not be disputed, in view of the decisions, that the promise to so use the land would be construed as a covenant and not a condition, and the fee would not thereby be affected, in the absence of a stipulation for forfeiture and reentry."

 Appellant contends that some effect must be given to the words "as a public highway." These words indicate the use to which the land should be put and they are not at

all inconsistent with a conveyance of the title in fee. The land could be used "as a public highway" equally as well whether a fee or a mere easement was conveyed. As we view it, the words in the *habendum* clause are not a restriction or limitation 'upon the clause which quitclaims the fee title. The granting clause could hardly have been clearer in expressing an intent to remise, release, and quitclaim the whole fee title, rather than a mere easement. In fact, an inspection of the clause as quoted above will disclose that words are used which are inconsistent with an intention to convey a mere right of way over the land described. Some effect must be given to these words. They must not be treated as mere surplusage, if reasonably practicable to give effect to them. Certainly this is so where the words relied upon by appellant are of doubtful import and lend themselves as readily to the idea of an expression of the use to which the land is to be put as to the idea of a limitation upon the fee.

In construing the instrument we should not overlook the fact also that if the grantors really intended to convey only an easement they could easily have so expressed their purpose, and that the grant is to be interpreted in favor of the grantee.

■ Finally appellant relies upon section 2631 of the Political Code, which reads as follows: "The Public Easement. By taking or accepting land for a highway, the public acquire only the right of way, and the incidents necessary to enjoying and maintaining the same, subject to the regulations in this and the Civil Code provided."

It has been said that this section is only the formulation of the general rule laid down in the books and decided cases when treating of highways as easements. (*Wright* v. *Austin*, 143 Cal. 236 [101 Am. St. Rep. 97, 65 L. R. A. 949, 76 Pac. 1023].) It is not new law, but simply means that by taking or accepting an easement over land for a highway the public (the people of the state) acquire only the right of way, etc. It should be borne in mind that this section has no reference to the fee title to the land which is servient to the easement. The fee title may belong to the owner of the adjacent property or it may belong to one who owns only the property which is subject to the easement itself. It may be owned by a private individual or corporation or by the county or by the state.

It has been held that while the custody and control of highways outside of municipalities are confined to the supervisors of the several counties in which they are located (Pol. Code, sec. 2639; *People* v. *County of Marin*, 103 Cal. 223 [26 L. R. A. 659, 37 Pac. 203]), the highways do not belong to the county but to the people of the state. (*Slayden* v. *O'Dea*, 182 Cal. 500 [189 Pac. 1066].) By "highways" in this connection is meant the easement, not the fee. The state does not hold such easements in the same right as the title to land which it has purchased. On the contrary, it holds them in trust for the public use and consequently there is no merger of the easement in the servient tenement even when the state acquires title to the fee. (*People* v. *County of Marin, supra.*) It is obvious when the above distinctions are recalled that there is nothing inconsistent in fact and nothing contrary to said section in the county of Ventura holding the fee title to the land over which the highway runs, while the public, or people of the state, own the easement or right of way for a highway.

From the above considerations we are of the opinion that the deed conveyed the fee to the land described therein as well as an easement for road purposes.

No mention is made in the briefs filed by the respective parties herein of section 2623 of the Political Code, which is in the same chapter with the section upon which appellant relies and which provides in part that "each county shall be deemed to have acquired title to any road opened over any land in conformity to any order made by its board of supervisors, pursuant to this chapter, after one year shall have elapsed from the time of making the order opening the road." And as the record on appeal does not show that such an order opening the road was or was not made, we have not taken this section into consideration.

Judgment affirmed.

Houser, Acting P. J., and York, J., concurred.