251 P.2d 209

**HOGAN v. BLAKNEY.**

No. 7884.

Supreme Court of Idaho.

Dec. 4, 1952.

Whitla & Knudson, Coeur d'Alene, for appellant.

McNaughton & Sanderson and E. L. Miller, Coeur d'Alene, for respondent.

PORTER, Justice.

This case was commenced in the form of an action in ejectment, but was treated and tried by court and counsel as an action to quiet title. Both parties claim title to the land involved. The cause was tried to the court sitting without a jury

and resulted in a judgment quieting title to the land in respondent as against appellant. From such judgment, appellant has appealed to this court.

Block One (1) of Miller's Amended Addition to Smelterville, Idaho, is triangular in shape and was formerly owned by respondent. Appellant now owns the east 100 feet of the block and respondent owns the west 37.02 feet thereof. The land involved in this action is a small tract lying north of and contiguous to respondent's land in Block 1 and is described in the complaint as follows:

"Beginning at the Northwest corner of Block One (1) of Miller's Amended Addition to Smelterville, Idaho, according to the official and recorded plat thereof on record in the office of the County Recorder, Shoshone County, State of Idaho; running thence North 18° 18' West, 12.71 feet to a point; thence North 71° 42' East, 37.02 feet to a point; thence South 18° 18' East, 20.18 feet to a point; thence South 83° 20' West, 37.82 feet to the place of beginning; subject to an easement in the Washington Water Power Company, a corporation, to erect, maintain and care for an electrical distribution line on and over said above described premises."

The locale with which we are concerned in this action is shown by the plat of Miller's Amended Addition to Smelterville, Idaho, being Plaintiff's Exhibit No. 6, copy of which is inserted herein:

Under date of July 31, 1906, the owners of Lot Four (4), Section Two (2), Township Forty-eight (48) North, Range Two (2) E.B.M., granted a right-of-way 100 feet in width over and across said Lot 4 to the Washington Water Power Company. This right-of-way is shown on Plaintiff's Exhibit No. 6. The land in question in this suit is a part of the south 20 feet of the 100-foot strip covered by the right-of-way. The granting part of the conveyance to the Washington Water Power Company, reads as follows:

"Witnesseth, that the said parties of the first part, for and in consideration of the sum of Three Hundred ($300) dollars, lawful money of the United States of America, to them in hand paid by the party of the second part, the receipt whereof is hereby acknowledged, do by these presents grant, bargain, sell, convey and confirm unto the said party of the second part, its successors and assigns, a right of way over and across that certain strip of land lying and being in the County of Shoshone, State of Idaho, upon and across Lot Four (4) of Section Two (2) and Lot One (1) of Section Three (3), Township, Forty-eight (48) North, Range 2 E.B.M., in said Shoshone County, which said strip of land is thirty-five (35) feet on the northerly side and sixty-five feet on the southerly side of the electric power transmission and telephone lines of the second party, as located and constructed over and upon said premises, reserving, however, unto the parties of the first part, their successors and assigns, the right and privilege of entering into and upon said premises and clearing the same for cultivation and all other farming purposes, and the right to use the surface of said premises for farming purposes without, in any manner interfering with the use of said premises by the party of the second part in the maintenance and operation of said power transmission line.

"The above and foregoing premises are hereby conveyed to the said second party for the purpose of constructing, maintaining and operating thereon and thereover, electric power transmission and telephone lines, and for use for said purposes, and for the purpose of doing any and all matters and things that are legal and lawful and that may be necessary or desirable in connection with the erection, maintenance, construction or operation of said lines, or either of them."

On May 17, 1916, the owners of said Lot 4 of Section 2, conveyed the same to E. W. Miller without any reservations. On October 26, 1927, E. W. Miller and wife conveyed to the Papesh Meat Company, a corporation, all that portion of said Lot 4 of Section 2, lying north of the county road, but excluding from such con-

veyance the right-of-way of the Washington Water Power Company situated thereon.

The appellant claims title to the land by virtue of two deeds, in both of which he is the grantee. The first is a quitclaim deed dated May 5, 1949, executed by the widow and children of E. W. Miller, deceased. The second is a quitclaim deed dated October 12, 1949, executed by the Papesh Meat Company, a corporation. These deeds cover the same land, and the tract in controversy is a part thereof.

Respondent, for his first defense, contends that appellant has no legal title to the land in controversy. Respondent urges that the conveyance of July 31, 1906, to the Washington Water Power Company vested a title in fee in the company and was not an easement for a right-of-way, as contended by appellant. The court found that the record title to the land was in the company subject to a reservation of grantors to use the surface thereof for farming purposes. Respondent's contention is contrary to his pleading in his cross-complaint wherein he alleges that he is the owner of the land in question subject to an *easement* in the Washington Water Power Company.

Respondent cites Las Posas Water Co. v. Ventura County, 97 Cal.App. 296, 275 P. 817, 818, in support of his contention. In such case there was a grant of certain described premises without reservation but the word, "road" was used in the description of the land and the words, "as a public highway" were used in the habendum clause. The court construed the conveyance to transfer the fee and not a mere easement.

The conveyance to the Washington Water Power Company does not grant certain described premises, but only purports to convey "a right-of-way over and across that certain strip of land (describing it)" to the company for the purpose of constructing and maintaining electric power transmission and telephone lines thereon.

In interpreting and construing deeds, "the primary rule to be observed is that the real intention of the parties, particularly that of the grantor, is to be sought and carried out whenever possible, * * *. The tendency of modern decisions is to disregard technicalities and to treat all uncertainties in a conveyance as ambiguities subject to be cleared up by resort to the intention of the parties as gathered from the instrument itself, the circumstances attending and leading up to its execution, and the subject matter and the situation of the parties as of that time." 16 Am.Jur., Deeds, § 168, pp. 531–532.

It will be noted respondent testified he was informed by the company that it did not claim to own the land; and that the written evidence on the part of appel-

lant is to the effect that the company does not claim title in fee to the land.

It seems clear, under the quoted rules of construction, that all that was conveyed to the Washington Water Power Company and all that the parties intended should be conveyed was an easement for a perpetual right-of-way; and that the fee was to and did remain in the grantors. The interest and title remaining in the grantors after the conveyance to the Washington Water Power Company, was transferred to E. W. Miller by the deed of May 17, 1916; and thereafter apparently transferred by Miller and wife to the Papesh Meat Company by the deed of October 26, 1927. The record title to such land was *lodged in appellant by virtue of the two* quitclaim deeds hereinbefore described; and the trial court erred in holding otherwise.

Respondent pleaded and urges that as against appellant he is the owner of the premises in question by adverse possession. It appears from the record that respondent, prior to the summer of 1945, had erected a building on his 37.02 feet of the west end of Block 1. That in the summer of 1945, and more than five years prior to the commencement of this action, he leased such building to M. J. Kalsto and Kenneth Grossarth, and permitted the lessees to construct an addition to his building on the north side thereof which addition extended across the north line of Block 1 and onto the land in issue. Such addition is still in place. The record does not disclose the size of that portion of the addition extending onto and occupying a part of the land in question.

Section 5–209 I.C. is as follows:

"Possession under oral claim of title. —Where it appears that there has been an actual continued occupation of land, under a claim of title, exclusive of any other right, but not founded upon a written instrument, judgment or decree, the land so actually occupied, and no other, is deemed to have been held adversely."

Section 5–210 I.C., reads as follows:

"Oral claim—Possession defined—Payment of taxes.—For the purpose of *constituting an adverse possession, by* a person claiming title not founded upon a written instrument, judgment or decree, land is deemed to have been possessed and occupied in the following cases only:

"1.   Where it has been protected by a substantial inclosure.

"2.   Where it has been usually cultivated or improved.

"Provided, however, that in no case shall adverse possession be considered established under the provisions of any sections of this code unless it shall be shown that the land has been occupied and claimed for the period of five years continuously, and the party or persons, their predecessors and grantors, have paid all the taxes, state,

county or municipal, which have been levied and assessed upon such land according to law."

The burden of proving each and every element of adverse possession by clear and satisfactory evidence is upon the party relying upon title by adverse possession. In Simmons v. Perkins, 63 Idaho 136, at page 145, 118 P.2d 740, at page 744, we said:

"One asserting adverse possession as against the owner of real estate must prove each and every element of adverse possession by clear and satisfactory evidence. Brown v. Brown, 18 Idaho 345, 110 P. 269; Pleasants v. Henry, 36 Idaho 728, 734, 213 P. 565; 1 R.C.L. 695, sec. 9; 2 C.J. 262, § 585; * * * 19 C.J. 958, § 181."

Under the statutory definition of possession and occupation by a person claiming title not founded upon a written instrument, the only portion of the tract in issue actually occupied and possessed by respondent is that occupied by the annexation to his building. The evidence does not show that the remainder of the land has been protected by substantial inclosure or has been usually cultivated or improved by respondent as contemplated by the statute. For this reason respondent's claim of title by adverse possession to the land not occupied by his building must fail.

Appellant contends that respondent has not claimed, as required by statute, all the land in question, or that part occupied by the extension to his building, for the full prescribed period of five years. In Pleasants v. Henry, 36 Idaho 728, at pages 735–736, 213 P. 565, at page 567, the court approved the following language:

"All the authorities agree that, in order to bar the true owner of land from recovering it from an occupant in adverse possession and claiming ownership through the operation of the statute of limitation, the possession must have been, for the whole period prescribed by the statute, actual, open, visible, notorious, continuous, and hostile to the true owner's title and to the world at large.

*   *   *   *   *   *

"Hence, an open and notorious occupation with hostile intent is a necessary constituent of an adverse possession. Neither a hostile intent without such occupation, nor such occupation without hostile intent, is sufficient."

Uninterrupted and continuous use for the prescriptive period raises the presumption that such use was adverse and under claim of right. Taylor v. O'Connell, 50 Idaho 259, 295 P. 247; Bachman v. Reynolds Irr. Dist., 56 Idaho 507, 55 P.2d 1314; Northwestern & Pacific Hypotheekbank v. Hobson, 59 Idaho 119, 80 P.2d 793; Pflueger v. Hopple, 66 Idaho 152, 156 P.2d 316.

The testimony of respondent discloses that before the extension was placed on his building, he made inquiry of the Washington Water Power Company and was informed that the company did not own the land; that he also inquired at the office of the Assessor of Shoshone County, where it could not be determined that anyone claimed the land; and that as a result of his inquiries and an examination of his abstract and the official plat, he concluded that the land was a part of Block 1 and felt that he acquired the same when he originally purchased all of Block 1. His evidence also shows that he made some further inquiry of the assessor with reference to ownership of the land in 1948 or 1949, after he was advised by appellant that appellant had leased the land from a mining company. Appellant's position is not well taken that such evidence is sufficient to overcome the presumption and the court's finding that respondent's possession was adverse and under a hostile claim.

■ Appellant urges that the evidence does not show that respondent paid all the taxes which were levied and assessed upon such land during the prescriptive period. The burden was upon respondent to prove that he paid all the taxes which had been levied and assessed against the property for the five years of his adverse possession, or that the property was exempt from taxation or that no taxes were levied and assessed. Swank v. Sweetwater Irr. etc., Co., 15 Idaho 353, 98 P. 297; Stickel v. Carter, 63 Idaho 78, 117 P.2d 477. Respondent does not contend and the record does not show that he has ever paid any taxes on the tract in question. He testified without objection and without motion to strike that when he examined the records in the assessor's office, he was advised by the Assessor of Shoshone County that the land was considered part of a street and that there had been no taxes levied and assessed against the same. The facts in this case sustain the view that no taxes were ever actually levied and assessed against the tract as such or as part of other premises during the prescriptive period under the principles applied in Urquide v. Flanagan, 7 Idaho 163, 61 P. 514.

■ The trial court made a finding, "that the defendant and cross-complainant has paid all the taxes which have been levied or assessed during said time upon said land and the improvements thereon." This finding of fact, while technically incorrect, is sufficient to encompass the necessary finding favorable to respondent on the matter of taxes.

The judgment of the trial court is reversed and the cause remanded with direction to vacate the judgment, to take testimony as to the exact description of the land occupied by the extension to respondent's building and to thereupon enter judgment quieting title in appellant to that part of the land not occupied by the extension to the building, and quieting title

in respondent to the land occupied by the extension of his building. No costs allowed.

GIVENS, C. J., and TAYLOR and THOMAS, JJ., concur.

KEETON, Justice.

I concur in that part of the opinion which concludes that the respondent did not adversely occupy or claim title to the part of the tract of land in question not occupied by his addition extending onto and over a part of the land.

I am of the further opinion respondent did not prove title by adverse possession to any part of the tract in question, and that title to the entire tract in controversy, including the part occupied by the respondent's addition to his building, should be quieted in appellant, and respondent ejected from the entire tract.

The respondent did not enter on the tract of land or any part of it under any claim of right, and recognized the fact that someone else owned it. He repeatedly made inquiries to learn who owned it and wanted to negotiate a deal with the owner for the purchase, which convinces me that he did not claim to be the owner.

Other elements essential to securing title by adverse possession are wholly lacking.

It is my view that respondent was a squatter. A squatter is a person entering upon land not claiming in good faith the right to do so by virtue of any title of his own or by virtue of any agreement with another whom he believes to own the title. Mayor and Council of City of Forsyth v. Hooks, 182 Ga. 78, 184 S.E. 724. In other words, the respondent was an intruder, and it would make no difference how long he occupied the land, he could secure no right for the reason that he made no adverse claim against the true owner. His possession is therefore not adverse. Parkersburg Industrial Co. v. Schultz, 43 W.Va. 470, 27 S.E. 255; Creekmur v. Creekmur, 75 Va. 430; Hudson v. Putney, 14 W.Va. 561.

A mere naked possession, without a claim of right, never ripens into a good title. Creekmur v. Creekmur, supra.

One cannot obtain title to real estate by simply constructing a building on someone else's land.

In Bower v. Kollmeyer, 31 Idaho 712, 713, 175 P. 964, this Court, in interpreting Sec. 5–210 I.C., held that the actual occupancy of the land must be accompanied under a claim of title. See Checketts v. Thomas, 65 Idaho 715, 152 P.2d 585 and 2 C.J.S., Adverse Possession, § 55, p. 571.

It is therefore my opinion that appellant is entitled to have respondent ejected from the entire premises in question and title to the whole quieted in appellant.

I am also of the opinion that the appellant has prevailed in this appeal by the majority opinion and is entitled to recover costs.