285 P.2d 487

M. F. HOGAN (also known and referred to as Mike Hogan) and Alma Hogan, husband and wife, Plaintiffs-Appellants,

v.

Joseph OTTER and Jane Doe Otter, his wife, et al., Defendants,

and

The Village of Smelterville, a municipal corporation, Defendant-Respondent.

No. 8220.

Supreme Court of Idaho.

June 28, 1955.

Whitla & Knudson, Coeur d'Alene, for appellants.

James G. Towles, Kellogg, for respondent.

**TAYLOR, Chief Justice.**

Plaintiffs (appellants) brought this action to quiet title against a number of defendants. The respondent, Village of Smelterville, the only defendant appearing, alleged its title to a portion of the property under and by virtue of a dedication thereof as a public street. In 1906, the common predecessor of both parties granted to the Washington Water Power Company a right of way easement over a strip 100 feet wide. In Hogan v. Blakney, 73 Idaho 274, 251 P.2d 209, this same grant was held to create a mere easement, as against the contention

that it passed a fee title to the power company. In 1916, the common predecessor conveyed the entire property without reservation to E. W. Miller. In 1927, Miller and wife conveyed a portion of the original tract, including that here in question, to the Papesh Meat Company. This deed contains the following exclusion:

"* * * excluding therefrom the Right of Way of the Washington Water Power Company * * * situated thereon."

In 1928, the Papesh Meat Company platted the area, creating a subdivision called Millers Amended Addition to Smelterville. By this instrument a strip 60 feet wide running lengthwise along the center of the original 100 foot easement was platted as a street and "donated, granted and dedicated to the use of the public forever."

The village claims title to the land in dispute by virtue of this dedication. The appellant claims title by virtue of two quitclaim deeds, one dated May 5, 1949, from the widow and heirs of E. W. Miller, and the other dated October 12, 1949, from the Papesh Meat Company. It is appellant's contention that the quoted exclusion contained in the deed from Miller and wife to the Papesh Meat Company was a reservation of title to the land embraced in the right of way, and that the meat company, having no title to the land within the right of way, its purported dedication of 60 feet thereof as a street was a nullity.

The trial court concluded that Millers did not retain title to the land within the right of way, and entered its decree upholding the claim of the village. The general rule involved is thus stated in 26 C.J.S., Deeds, § 140 g.(5):

"In general, an exception which retains or excludes from the grant a previously granted right of way over described property retains or excludes merely an easement and not the fee to the realty used for the right of way, and, as appears supra § 136, the grant conveys any estate or interest which the grantor has in the property used therefor, but an exception of the land for a right of way, or on which a right of way is situated, covers the fee."

Here excluded is "the *right of way* of the Washington Water Power Company". This is not an exclusion of the land embraced within that right of way. There is nothing in the instrument to indicate any intent of the parties to the contrary. Moreover, the subsequent conduct of the parties supports the conclusion that their intention was to convey the fee, and at the same time recognize the easement of the power company. The Papesh Meat Company claimed title by dedicating a street over the area within a year after the deed. Neither Miller nor his widow nor his heirs thereafter claimed, asserted, or exercised any right of ownership. The quitclaim deed more than twenty-one years later was solicited by appellant. See Arkansas Improvement Co. v. Kansas City So. Ry. Co., 189 La. 921, 181 So. 445. Other authorities supporting the trial court's conclusion are: Moakley v. Blog, 90 Cal.App. 96, 265 P. 548; Roxana Petroleum Corp. v. Jarvis, 127 Kan. 365, 273 P. 661; Barker v. Lashbrook, 128 Kan. 595, 279 P. 12; Moakley v. Los Angeles Pac. Ry. Co., 139 Cal.App. 421, 34 P.2d 218; Jennings v. Amerada Petroleum Corp., 179 Okl. 561, 66 P.2d 1069; Kassner v. Alexander Drug, 194 Okl. 36, 147 P.2d 979; Mahar v. Grand Rapids Terminal Ry. Co., 174 Mich. 138, 140 N.W. 535; Summers v. Linx, 19 Tenn.App. 245, 84 S.W.2d 1043; Lewis v. East Texas Finance Co., 136 Tex. 149, 146 S.W.2d 977; Brown v. Weare, 348 Mo. 135, 152 S.W.2d 649, 136 A.L.R. 286, and Annotation 296, at page 300; Boothe v. McLean, Tex.Civ.App., 267 S.W.2d 158; Richfield Oil Corp. v. Chesapeake & C. B. R. Co., 179 Md. 560, 20 A.2d 581; Tallman v. Eastern Ill. & Peoria R. Co., 379 Ill. 441, 41 N.E.2d 537; McCue v. Berge, 385 Ill. 292, 52 N.E.2d 789; Woodward Governor Co. v. City of Loves Park, 335 Ill.App. 528, 82 N.E.2d 387; Shell Petroleum Corp. v. Hollow, 10 Cir., 70 F.2d 811, 814.

Judgment affirmed. Costs to respondent.

KEETON, PORTER, ANDERSON and SMITH, JJ., concur.