Courchaine v. The Bullion Mining Company.

# AUGUSTUS COURCHAINE, RESPONDENT, v. THE BULLION MINING COMPANY, APPELLANT.

POSSESSION TO MAINTAIN TRESPASS QUARE CLAUSUM FREGIT.   To maintain an action of trespass *quare clausum fregit*, it was formerly held necessary for the plaintiff to establish an actual possession of the *locus in quo ;* but under more modern decisions a constructive possession is held sufficient.

RIGHT OF POSSESSION IN DEFENDANT.   Actual possession of real estate, even though wrongful, is sufficient to support an action of trespass *quare clausum fregit* against a mere stranger or intruder, but not against the rightful owner.

RIGHT OF PRE-EMPTOR TO GOVERNMENT LAND.   Where a person in actual possession of government land has filed his declaratory statement for the purpose of pre-empting it, and the local land office has decided in his favor, and accepted from him the government price, and given him the usual receipt, he becomes entitled to the possession thereof, and may maintain trespass *quare clausum fregit* in relation thereto, even against a prior settler.

RECOGNIZED PRE-EMPTION RIGHTS.   As between mere settlers on government land, none of whom claim under the government, priority of possession must prevail; but when the government, by its proper tribunals, decides a particular person entitled, its decision, in the absence of fraud, is evidence of such person's right of possession as superior to any acquired by mere priority unaccompanied by any recognition on the part of government.

EFFECT OF LAND OFFICE DECISIONS ON PRE-EMPTION CLAIMS.   The decision of the Register and Receiver of the United States Land Office in favor of an applicant for pre-emption of public land, is evidence not only that such person is entitled to a patent, but also that he has settled upon and improved the land, and is an acknowledgment that his settlement and possession are lawful, and in accordance with the will of the government.

THE SAME.   Though the Commissioner of the general United States Land Office has a supervisory control over the action of the local land offices, their decisions in favor of pre-emption claimants will, until reversed, be received as evidence of right of possession in such claimants.

PRE-EMPTION RIGHTS RELATE BACK TO FIRST STEPS.   The decision of the local land office in favor of a pre-emption right, is a confirmation by the government of all acts done by the pre-emptor towards acquiring title, and a recognition that his possession, from the time he took the first steps to obtain title, was rightful; and in such case the pre-emptor in an action for trespass *quare clausum fregit* upon the land, may show that he paid for the land after the trespass complained of.

PRE-EMPTION RIGHTS BEFORE PATENT AS EVIDENCE.   Where the plaintiff, in an action of trespass *quare clausum fregit*, offered to prove that he had taken steps to acquire the title to the *locus in quo*, which was government land, by filing a declaratory statement as a pre-emption settler, that the proper local land office had decided in favor of his claim, accepted from him the government price, and given him the usual receipt therefor; and the court excluded

the proposed testimony, and there was a judgment for defendant; and afterwards the court, on being satisfied that it had erred in such exclusion, granted the plaintiff a new trial: *Held*, that the evidence, though the payment offered to be shown was subsequent to the trespass complained of, was competent and admissible, and the new trial properly granted.

MINERS' RIGHTS TO NECESSARY LOTS—QUESTION OF FACT. Whether a town lot located by a miner, for mining purposes, is so necessary for his use to enable him to work his mine as to make his right superior to that of a pre-emptor, in accordance with the Act of Congress of July 1st, 1864, in relation to town lots, etc., is a question of fact for the jury.

APPEAL from the District Court of the First Judicial District, Storey County.

The facts are stated in the opinion; but it may be added that the original judgment was rendered while the Hon. Caleb Burbank was the Judge of the Court, and the new trial granted by his successor.

*Williams and Bixler*, for Appellant.

I.

Admitting that a declaratory statement, and payment of money, would give sufficient title upon which to recover against a naked trespasser, yet it does not appear that the land in question was subject to pre-emption; that the law bringing it into market had been complied with, or that plaintiff had brought himself within the provisions of the law. The declaratory statement was not offered, but merely the certificate of the officer that one had been filed. That was not sufficient. (*McFarland* v. *Culbertson*, 2 Nev. 285.)

Again, if plaintiff had produced a patent instead of the receipts offered, it could not have affected the rights of the parties or changed the result, because the Act of Congress, under which he claimed the right to pre-empt, expressly provides that such pre-emptions shall be subject to the possession and necessary use of the land by miners in possession at the time of pre-emption. (13 U. S. Stat. at Large, 530, Sec. 2.)

Again, to sustain the allegations of the complaint, it devolved upon the plaintiff to prove that his rights were such *at the commencement of the action* as to entitle him to recover. In addition to the rule requiring the plaintiff to sustain by proof the material

allegations of his complaint, put in issue by the answer, in actions to recover land, or for injuries thereto, the plaintiff must show title or right of possession at the beginning of the suit. (*Yount* v. *Howell*, 14 Cal. 466; *Stark* v. *Barrett*, 15 Cal. 361; *Moore* v. *Tice*, 22 Cal. 515.) A party cannot commence such a suit and then go out in search of a title to sustain himself. The plaintiff did not pay his money or obtain his receipt until after the commencement of his suit, nor in fact until issue joined.

## II.

Though the granting or refusing a motion for new trial is the exercise of a discretion, it must be a legal discretion. A *nisi prius* Court has no right arbitrarily, and without reasonable foundation in fact, to grant such a motion. The evidence not only sustained the verdict, but clearly showed that a verdict in favor of plaintiff would have been wrong and unjust. The plaintiff found the defendant in possession of the premises, with as perfect a title as could be obtained under mining rules and regulations; and with full knowledge of that title made his pretended location of a town lot.

If a man puts his house upon the land of a miner, which is being used as a dump, as the plaintiff did his houses, he certainly does so subject to the injury which will naturally follow the use which is being made of the premises. As well might he put his house on the track of a railroad and stop the running of all the cars until the railroad proprietors removed it by due process of law. The dumping grounds and railroad track are each private property, and he who attempts to obstruct the use of the one or the other, in the manner suggested, does so at the risk of having his structure very suddenly abated.

## III.

The facts show that instead of acquiescing in any supposed claim of right in the plaintiff, the trustees and proper officers of the corporation (defendant) have always asserted its right to the premises. (See *Davis* v. *Davis*, 26 Cal. 23; *Bowman* v. *Cudworth*, 31 Cal. 153.)

*Aldrich and De Long*, for Respondent.

This evidence of the purchase by the plaintiff from the Government should have been allowed, as it tended to show the character of the possession and title in him that would have enabled him to maintain this action against the defendant, notwithstanding its proof of its mining locations. (1 Washburn on Real Property, 526, 533; *Phelps* v. *Kellogg*, 15 Ill. 131; 28 Ill. 528; 23 U. S. Digest, 492, Sec. 9, 14; 6 Minn. 128; 13 U. S. Statutes at Large, 343, 529; *People* v. *Shearer*, 30 Cal. 647; *McFarland* v. *Culbertson*, 2 Nev. 285; 4 Kent's Com. 498; 1 Ib. 276; 1 Greenleaf on Ev. Sec. 305; 2 Ib. Sec. 618.)

In an action for nuisance or trespass, the defendant has no right to inquire into the good faith of the plaintiff's possession. (*Eberhard* v. *Tuolumne Mining Co.*, 4 Cal. 308.)

A title resting upon mining rules and regulations cannot prevail against the paramount proprietorship of the United States, or against grantees or assignees of the United States. (*Fremont* v. *Seales*, 18 Cal. 433.)

An equitable title, accompanied by actual possession, is sufficient, under our system, to give a right of possession. (*Ortman* v. *Dixon*, 13 Cal. 37; *Morrison* v. *Wilson*, 13 Cal. 497.)

Possession in the plaintiff is sufficient to enable him to maintain trespass. (Statutes of 1861, 358; *Carron* v. *O'Connell*, 7 Cal. 153.)

Persons settled in good faith upon lots in mining towns, and carrying on business, should be reasonably protected, and not left to the fear of invasion on the specious pretext of mining. (*Fitzgerald* v. *Morton*, 5 Cal. 310.)

The evidence offered showed title in plaintiff, accompanied by actual possession—an intrusion and trespass by defendant, and consequently the Court erred in ruling it out, and afterwards acted correctly in granting a new trial.

By the Court, Lewis, J.

The plaintiff, who is an occupant of certain lots in the city of Gold Hill, brings this action against the defendant to recover five hundred dollars, in which sum he claims to have been damaged by reason of the deposit upon his premises of large quantities of rock,

dirt, and refuse ore.  The complaint also contains allegations, upon which an injunction is sought, to restrain the defendant, its agents, servants, and employés from repeating or continuing the trespass complained of.  It is admitted by the defendant that the plaintiff was in the actual possession of the two dwelling-houses on the premises in question at the time of the alleged trespass ; but it justifies the acts complained of by a claim of superior title and right of possession in itself.  The evidence adduced at the trial developed the fact that the defendant's grantors located a certain ledge, together with the land occupied by the plaintiff, some time in the year 1859, and that the plaintiff made no location until some two years later.  Courchaine had taken steps to acquire title from the General Government, and at the trial offered to prove that he had filed his declaratory statement, giving notice of his intention to pre-empt the premises ; that the Register and Receiver had rendered a decision in favor of his right, accepted of him the Government price for the same, and given the ordinary receipt therefor. The Court below refused to admit this evidence, and the usual exception was taken by counsel for the plaintiff.   The verdict resulted in favor of the defendant, but believing that he had erred in rejecting proof of the decision of the local land officers, the Judge below set aside the judgment, and directed a new trial.  From this decision of the Court the defendant appeals.

If it were error to rule out the decision of the land officers, or if any other material error were committed at the trial prejudicial to the plaintiff, it was clearly the duty of the Court to set aside the verdict.   Whether that decision should have been admitted is the principal question discussed by counsel, and the only one which it is necessary for this Court to consider.

To maintain an action of trespass *quare clausum fregit*, it was formerly necessary for the plaintiff to establish an actual possession of the *locus in quo* in himself, but under the more modern holding it seems that a constructive possession is sufficient.   But a possession, whether actual or constructive, which is not rightful as against the defendant, is not available to the plaintiff, hence a superior right of possession in the defendant is always a sufficient answer to any action of trespass brought against him.   Actual possession, al-

though it be wrongful, is sufficient to support the action against a mere stranger or intruder, who has not the right of possession in himself, nor authority from the rightful owner. In such case the plaintiff's actual possession is rightful as against all mere intruders who have no color of right. His possession gives him as good right to maintain trespass against such as the absolute right of property, coupled with the possession, could give him. But when the defendant shows that he is entitled to the possession of the premises by reason of a superior title, he shows that the plaintiff has no right of action. It is therefore necessary for the plaintiff not only to show possession in himself, but it is indispensable that such possession be rightful as against the defendant.

In this case, the plaintiff, after showing that he was in the actual possession of the premises at the time of the trespass, offered in evidence the decision of the local land officers, for the purpose of showing that his right to the possession was superior to that of the defendant, which claimed title simply through priority of location. If that decision confers a right of possession upon the plaintiff, the proof offered should have been admitted. Our conclusion is that it does. The public land is absolutely at the disposal of the Federal Government. Although individuals may settle upon and occupy portions of it, no title is acquired thereby which will be available against the primary right of the Government. As between each other, settlers may acquire rights, which the Courts will maintain and enforce. Thus the first possessor is always deemed to have the best right, and by establishing priority of possession he is allowed to recover in ejectment, and in fact he is treated as the absolute owner of the land occupied by him. But all rights so acquired are subject to the paramount title of the Government. Occupation and priority of possession are utterly worthless when opposed to a title, or right of possession expressly conferred by the proper Federal authorities. As between persons none of whom claim title from the Government, nor can show a right of possession recognized by it, priority of possession must prevail. When, however, the Government has declared, or by its proper tribunals decided, that a particular person is entitled to the possession, such declaration or decision, in the absence of fraud, is high evidence of his

right to such possession; certainly superior to that which is acquired simply by priority of possession, unaccompanied with any recognition from the Government.

The paramount proprietor of the soil having an unrestricted right of disposition, has established certain regulations, by which persons producing the requisite proof are entitled to purchase a limited amount, at a given price per acre.    Officers are appointed to take that proof, to determine from it whether the applicant is entitled to purchase, or, where there is a contest, to decide which has the better right, and to receive the purchase money from him who in their judgment is entitled to the patent.    Nor can such decision be legally rendered in favor of any person who does not show himself entitled to the possession at the time he makes application to preempt, for only those who are occupants of and have made improvements upon public land have the right to purchase the same as preemptors.    The decision of the proper officers is therefore evidence not only of the fact that he in whose favor it is rendered is entitled to the patent, but also that he has settled upon and improved the premises claimed by him, and is certainly a direct acknowledgment that such settlement and possession is lawful and in accordance with the will of the General Government.    The Register and Receiver of the local land office are the officers appointed by the Government to take the proof, decide upon the merits of all applications, and to receive the purchase money from the successful party.    The law requires the proof in all cases to be made to their satisfaction. Where the proof is so made, their decision rendered, and the purchase money paid, how can it be said that such decision is not evidence of right of possession in him in whose favor it is given ?    It is a decision made by officers appointed by the Government to determine such rights.    Their decision is the decision of the Government itself, and should therefore be accepted as evidence of superior right.    The conclusion arrived at by the land officers, although not strictly a judicial decision, bears nevertheless a strong analogy to it, and it seems to us should be received as evidence of the right to the possession, and indeed of all the facts which it is necessary for the pre-emptor to prove before the land officers.

It is true the Commissioner of the General Land Office has a

supervisory control over the action of the local officers, and the power to reverse their decisions, but the bare possibility of a reversal should not destroy its effect as evidence until so reversed; therefore it ought to be received as proof of the right of possession.

But it is claimed, because the purchase money was not paid until some time after the commission of the trespass complained of, the title or right of possession acquired by the proceedings in the Land Office is not available to the plaintiff in this action. If, as argued by counsel, the right of the pre-emptor dates only from the time the Receiver's receipt for the purchase money is issued, the decision of the land officers would in this case be inadmissible, for that title or right of possession only is available which existed at the time of the trespass. But in our judgment the decision of that officer is a confirmation by the Government of all acts done by the pre-emptor towards acquiring title, and a recognition that his possession from the time he took the first step to obtain title was rightful and agreeable to the laws enacted by Congress. It has been held that the legal title acquired by the patent relates back to the time when the declaratory statement was filed. Why should not the rights conferred by the decision also relate back to the same time ? A person can only be permitted to pre-empt who shows that he was an occupant at the time he filed his declaratory statement; the decision of the officers in his favor is evidence of his occupation at that time, and also that he had the best right to the possession, otherwise it is to be presumed the decision would be adverse to his right to pre-empt. The decision of the local officers, it seems to us, should be evidence of all the facts necessary to support such decision. Possession, or a superior right of possession at the time of filing the declaratory statement, is the necessary result of the facts required to be proved ; the decision should therefore be evidence of such possession. We could readily agree with counsel for appellant that the mere certificate of the Register, and Receiver's receipt, would tend to establish nothing but the facts, that a declaratory statement had been filed by the plaintiff, and that he had paid a certain sum of money for the premises to the person acknowledging its receipt; and so without the decision of the land

Courchaine *v.* The Bullion Mining Company.

officers, these papers would in no wise tend to establish title or right of possession.   But it appears by the record that the plaintiff offered to show that the land officers had rendered a decision in favor of his right to pre-empt the lots in question, and that the money paid by him and evidenced by the receipt was the purchase money paid to the Government through the Receiver.   Indeed, it appears that the entire proceedings had in the Land Office were offered in evidence and rejected.

Nor are we able to see how the Act of Congress referred to can help the defendant—that Act declaring " That where mineral veins are possessed, which possession is recognized by local authority, and to the extent so possessed and recognized, the title to town lots to be acquired shall be subject to such recognized possession, and a necessary use thereof."

Although this law seems to make the lot owner's title subordinate to the miner's right, whenever the use of the lot becomes necessary to enable the latter to work the mine, still the question as to whether such necessity exists or not in any particular case is to be determined by the jury.   If it be found that the necessity does not exist, then the claimant of the lot will be entitled to recover for any injury suffered by him, if he has the better title.   But if he be not allowed to establish his title or right of possession in an action against a miner who trespasses upon his premises, he would generally have no remedy, although he might have a perfect title, and no necessity such as that mentioned in the law exists in favor of the trespasser.   It is necessary, therefore, in cases of this kind, where the defendant seeks to defeat the plaintiff's action by a claim of superior title and right of possession, that the plaintiff be allowed to fortify his possession by proof of any title or right which may in any wise tend to show that his possession is rightful as against the defendant.

We conclude that the evidence offered should have been admitted.   As it was ruled out, the new trial was properly granted.

The order must be affirmed.

BEATTY, C. J., did not participate in the foregoing decision.