[No. 1284.]

HENRY DENO, APPELLANT, v. W. E. GRIFFIN, RESPONDENT,

MINES AND MINNING — PATENTS — DISMISSAL OF ADVERSE CLAIM. — One whose adverse claim has been dismissed cannot contend that the patent issued to another is void because the receiver of the public land office accepted the purchase price and gave his receipt while the suit was pending.

IDEM—LOCATOR'S RIGHT—ASSESSMENT WORK.—After the purshase price is paid, and the receiver's receipt taken, the locator's right to a patent is vested, and he is not required to do assessment work.

APPEAL from the District Court of the State of Nevada, Lincoln County.

A. L. FITZGERALD, District Judge.

The facts are stated in the opinion.

*Trenmor Coffin, Geo. S. Sawyer,* and *C. H. Patchen,* for Appellant.

I. The judgment, upon the facts agreed upon, should have been for the plaintiff.

The issuance of the patent to defendant, and its validity were put in issue, and the burden of establishing its validity was upon the defendant. *(Rose* v. *Richmond M. Co.*, 17 Nev. 25; 1 Green. Ev., Sec. 74; *Gilson* v. *Price*, 18 Nev. 117.)

II. The facts agreed upon show that the patent of defendant was void. In order to overcome the admitted infirmities of the patent, it was obligatory upon the defendant to show that he had made the necessary and required annual expenditures up to the time of the issuance of the patent. (U. S. Rev. Stat. Secs. 2322, 2324, 2326; *Best* v. *Polk*, 18 Wall. 112; *St. Louis Smelting Co.* v *Kemp*, 104 U. S. 636; *Ryan* v. *Carter*, 93 U. S. 82; *Patterson* v. *Tatum*, 3 Saw. 165; *Chapman* v. *Toy Long*, 4 Saw. 28.)

III. It was, at least, obligatory upon defendant to show annual expenditures up to the time of the termination of the pending suit in order to avoid the statutory grant to plaintiff by virtue of his admitted location.

IV. The testimony offered by the plaintiff and excluded by the court, was admissible, whether considered as offered in anticipation of the defense, or in rebuttal: *First*—It tended to prove the actual and exclusive possession by the plaintiff of the *locus in quo*. *Second*—It tended to establish the fact that when the plaintiff made his location of the Free Coinage mining claim, the same was subject to location under the laws of the United States, and that thereby he became the grantee of the government of the exclusive right to the possession of all of the ground embraced in such location. (U. S. Rev. Stat., Sec. 2324; *Ryan* v. *Carter*, 93 U. S. 82; *Belk* v. *Meagher*, 104 U. S. 279.) *Third*—It tended to rebut the plea of justification of the defendant ane to show that the patent upon which he relied was void. (*Sherman* v. *Buick*, 93 U. S. 209.)

*Baker & Wines, Henry Rives* and *T. J. Osborne*, for Respondent.

I. When a mineral patent is issued, the title of the patentee by relation attaches as of the date of the first step taken by him to acquire title. (*Yount* v. *Howell*, 14 Cal. 465; *Ely* v. *Frisbie*, 17 Cal. 250; *Stark* v. *Starrs*, 6 Wall. 402.)

II. When the government has been paid the purchase price, received through a proper application for a patent, annual assessment work is no longer required. (*Stark* v. *Barrett*, 15

Cal. 362; *Alta M. & S. Co.* v. *Benton M. & S. Co.*, Ariz., Feb. 1888, 16 Pac. Rep. 565.)

By the Court, MURPHY, J.:

This is an action of trespass *quare clausum tregit* upon a mining claim particularly described in the complaint, situated in the Bristol mining district, Lincoln county, Nev. The defendant in his amended answer denies the ownership and right of possession of the plaintiff, and avers that he is the owner of the title in fee to the Great Eastern mine, by patent from the government of the United States. The cause was tried before the court, without a jury.

It appears from the statement of facts that on the 4th day of October, A. D. 1877, A. Rickard, a citizen of the United States, located the Great Eastern mine, containing fifteen hundred feet in length by six hundred feet in width, and sufficiently marked the boundaries thereof. The respondent, Griffin, succeeded to all the rights and interest of the said locator, Rickard, and is now the owner and holder of the same. In the month of April, A. D. 1882, respondent, Griffin, applied to the United States for a patent for and to said Great Eastern mine and lode. In the month of June, A. D. 1882, in due time and form, appellant, Henry Deno, and the Bristol Silver Mining Company, protested against the issuance of a patent, and filed an adverse claim. in the United States land office, and in due time commenced the required action to determine the right of possession to the Great Eastern mine. That said action was pending and undetermined until the 4th day of April, A. D. 1887, and on said last-mentioned date said action was dismissed by the supreme court of this state. That on the 26th day of December, 1884, respondent paid to the government of the United States, through the receiver of public money at the United States land office, at Eureka, Nev., the price of said land embraced in the Great Eastern application, and received the receiver's receipt therefor. On the 6th day of February, A. D. 1886, appellant located the Free Coinage mine, which location embraces and includes the larger portion of the Great Eastern mine or lode. That on the 26th day of December, A. D. 1886, respondent entered upon the Free Coinage mine, or that portion of it which embraces the Great Eastern ground, for the purpose of working the

same. Appellant commenced this action on the 1st day of March, 1887. On the 7th day of September, A. D. 1887, the government of the United States issued to respondent a patent for said Great Eastern mine.

Appellant claims that by reason of the action of the receiver in receiving the money from respondent, and issuing his receipt therefor, during the pendency of the former action, the patent issued thereon is void. Such would have been the case had appellant prosecuted his former suit to final judgment, provided the judgment had been in his favor. He having failed to do so, and that action having been dismissed, he is not now in a position to complain of the action of the government officials in the issuance of the patent. (*Gwillim* v. *Donnellan*, 115 U. S. 48; *Deffeback* v. *Hawke*, 115 U. S. 392; *Stark* v. *Starrs*, 6 Wall. 418; *St. Louis Smelting Co.* v. *Kemp*, 104 U. S. 636; *Patterson* v. *Tatum*, 3 Saw. 172.)

Under the act of Congress of 1872, when a party applying for a patent to mining ground gives the proper notice as therein required, any other claimant can object to the issuance of the patent, either on account of its extent or form, or because of asserted prior location. They must come forward with their objections, and present them, or they will be precluded from objecting to the issuing of the patent. Therefore the doctrine of relation applies to patents to mining claims, so as to cut off intervening claimants, if any there should be, such as might arise from a subsequent location. (*Heydenfeldt M. Co.* v. *Daney*, 93 U. S. 640; *The Eureka Case*, 4 Saw. 303; *Deffeback* v. *Hawke*, 115 U. S. 392; *Courchaine* v. *Bullion Mining Co.*, 4 Nev. 375.)

On the trial of the cause in the district court, plaintiff, by his attorneys, offered to prove that the defendant, Griffin, did not perform, or cause to be performed, any work or labor upon said Great Eastern mine, or make any improvements thereon, from December 26, 1884, until the twenty-eighth day of December, A. D. 1886. Defendant, by his attorneys, objected to the evidence so offered, upon the ground that it was irrelevant, immaterial and incompetent, under the admitted facts in the case. The court sustained the objection, and the plaintiff, by his attorneys, excepted. Did the court err in ruling out the proffered evidence? Title to mining claims may be acquired by possession and by purchase. Title by possession, being a mere right of enjoyment of the profits without purchase and upon conditions,

may be defeated at any time by the failure of the party in possession to comply with the conditions, which are, marking the boundaries of his claim, and performing the labor, or making the improvements as required by the statute. The equitable title accrues immediately upon payment of purchase money to the government; for the entry entitles the purchaser to a patent; and the right to a patent, once vested, is equivalent to a patent issued. (*Stark* v. *Starrs*, 6 Wall. ·418.) · When proofs are completed, and purchase money paid, the equitable title of the purchaser is complete; and the patent when issued is evidence of the regularity of the previous acts, and relates back to the date of entry, to the exclusion of all intervening claimants. (*Deffeback* v. *Hawke*, 115 U. S. 405; *Courchaine* v. *Bullion Mining Co.*, 4 Nev. 374.) Upon the payment of the purchase money, and the issuance of the patent certificate by the authorized agent of the government, the purchaser is not required to do annual assessment work. (*Aurora Hill* v. *Tangerman*, 12 Saw. 355; *Alta M. & S. Co.* v. *Benton M. & S. Co.*, Ariz., Feb. 1888, 16 Pac. Rep. 565.)

It follows from the views we have expressed that the court did not err in refusing to hear the offered evidence. Judgment affirmed.