172

CLARK COUNTY, a Political Subdivision of the State
of Nevada; ROBERT T. BASKIN, WILLIAM M.
BRIARE, DARWIN W. LAMB, LOU F. LA PORTA,
JAMES G. RYAN, JAMES BRENNAN and ROBERT
BROADBENT, Individually and as Clark County
Commissioners, Appellants and Cross–Respond–
ents, v. ROBERT E. MULLEN, Respondent and
Cross–Appellant.

No. 7849

March 18, 1975                          533 P.2d 156

*George E. Holt,* District Attorney, and *George F. Ogilvie,
Jr.,* Chief Civil Deputy, Clark County, for Appellants and
Cross-Respondents.

*Harry J. Mangrum, Jr.,* Las Vegas, for Respondent and
Cross-Appellant.

## OPINION

By the Court, MANOUKIAN, D. J.:

In a prior appeal between the parties this court resolved the issue of liability against appellants and remanded the case for further trial on the issue of the amount of overtime compensation due respondent. See Mullen v. Clark County, 89 Nev. 308, 511 P.2d 1036 (1973). The facts of the case are fully set out in that opinion.

At the subsequent trial the district judge concluded the evidence established respondent had worked a total of 6447 hours of overtime between April 1961 and September 1968, for which he had not been compensated.[1] On June 6, 1974, judgment was entered in favor of respondent for $28,811.73, plus interest at 7 percent from September 1968, the date the claim was filed, until January 1974, when the trial concluded and the judge took the matter under submission.

In this appeal the only cognizable issue raised by appellant

---

[1]The trial court, in its findings of fact, found that after Mullen had exhausted his then accumulated annual sick leave and vacation time, Clark County, on or about June 10, 1968, granted Mullen 480 hours pay as compensatory time for overtime hours. Those 480 hours are not included in the instant claims.

174

is that there was a lack of "substantial" evidence to justify the trial court's conclusion that respondent had worked the additional 6447 hours of overtime during the period. We reject the contention.

1. There was sufficient evidence before the trial court for it to conclude as it did that respondent had worked a total of 6447 hours of additional overtime during his employment with Clark County between 1961 and 1968. Respondent testified that the ten claims he filed were based upon his own personal knowledge, partially computed through the use of old calendars. He further testified that on numerous occasions, he was contacted by various Clark County Commissioners for overtime purposes. In explaining this fact, respondent testified that at the time he computed the claims, in 1968, he knew the number of hours claimed but inadvertently failed to include same on the claim forms. The evidence further shows that respondent made monthly overtime reports to the Chief Probation Officer prior to his appointment to that position. In addition, there was corroboration of respondent's testimony by Judge William Compton who was the Juvenile Court Judge and respondent's immediate supervisor during the time periods comprehended by several of the claims. Judge Compton testified he considered respondent to be on call 24 hours a day.

Acknowledging that respondent was somewhat the "sole depository" of his time and hours, it is significant to note that appellants offered neither documentary nor testimonial contradition putting in doubt respondent's testimony. Furthermore, the trial court appropriately exercised its discretion in relying upon what appears to be respondent's reasonably set schedule of working hours; and, this certainly militates against appellants' argument of pure conjecture and speculation.

In order to justify reversal of a trial court's findings or determinations, the findings must be clearly against the weight of the evidence or without reasonable support therein. Even if there had been conflicting testimony, ". . . the findings of fact are binding on the appellate court if there is substantial evidence to uphold the lower court's position." Havas v. Carter, 89 Nev. 497, 500, 515 P.2d 397, 399 (1973). See Brandon v. Travitsky, 86 Nev. 613, 472 P.2d 353 (1970). Here, there was substantial uncontradicted evidence.

2. Respondent, by way of a cross-appeal, contends that

the failure of the trial court to grant interest upon the overtime compensation for the period of time the case was under submission and consideration by the court constitutes error. We agree.

The trial court granted respondent interest from September 9, 1968, the date respondent left Clark County's employment, until January 1974, when the case was taken under submission. However, the trial court failed to award interest for the time the case was under submission. Nevada law provides that under these circumstances interest is to be allowed on wages or salary unpaid when due, after a demand, from the time when due.[2]

We will not speculate as to why the trial court failed to grant interest during the time the case was under submission, but such decision constitutes error. The language of NRS 99.040 is mandatory; accordingly interest should have been allowed for the time the case was under submission. See Brandon v. Travitsky, *supra*; and, Paradise Homes v. Central Surety, 84 Nev. 109, 437 P.2d 78 (1968).

3. The trial judge computed the overtime pay on respondent's rate of pay at the time the overtime was accrued. Respondent contends this was error and that under our decision in Dunn v. City of Carson City, 88 Nev. 451, 499 P.2d 653 (1972), he is entitled to be compensated for the overtime at the rate of pay he was earning when his employment was terminated. That issue was not reached in *Dunn* and respondent has cited no other authority in support of the contention. Accordingly, it is rejected.

4. Other errors assigned by the parties are without merit.

The judgment for overtime compensation is affirmed but we remand for recomputation of the correct interest amount, in accordance with this opinion.[3]

---

[2]NRS 99.040: "When there is no express contract in writing fixing a different rate of interest, interest shall be allowed at the rate of 7 percent per annum upon all money from the time it becomes due, in the following cases: . . . 5. Upon wages or salary, if the same shall be unpaid when due, after demand therefor has been made."

[3]Justices Gunderson, Zenoff and Mowbray voluntarily disqualified themselves and took no part in this decision. The Governor, pursuant to Article VI, § 4 of the Constitution, designated District Judges Noel E. Manoukian, Peter I. Breen and James J. Guinan, to sit in their stead.

BATJER and THOMPSON, JJ., and BREEN, D. J., and GUINAN, D. J., concur.