BJARNE PEDERSON, Appellant, *v.* JAMES OWEN, MARTHA OWEN and DONALD CLORE, Respondents.

No. 7567

November 29, 1976          556 P.2d 542

*Sheerin & Griffin,* Carson City, for Appellant.

*Carl F. Martillaro,* Carson City, for Respondents.

## OPINION

By the Court, HAYES, D. J.:[1]

All the parties in this controversy were shareholders of Tahoe-Carson Auto Racing, Inc. (T-Car), which promotes and conducts automobile racing events at facilities it owns south of the Carson City urban district.

At the time of the incident giving rise to this litigation, appellant Bjarne Pederson owned 32.5 percent of T-Car stock and was corporate president. His co-defendant below, Bob Meyer, owned 42.5 percent of the stock and served as vice-president and manager of the corporate activities. Respondents, plaintiffs below, owned the remaining 25 percent of T-Car

---

[1]The Governor, pursuant to Article VI, § 4 of the Constitution, designated District Judge Keith C. Hayes to sit in the place of Mr. Justice Cameron Batjer, who voluntarily disqualified himself and took no part in this decision.

stock. Pederson and his wife also own Carson Ready Mix, a general contractor and purveyor of concrete mix.

In 1971 Pederson, apparently at the behest of Meyer, contracted on behalf of T-Car with Carson Ready Mix for construction, on the T-Car property, of a concrete warehouse containing 24 automobile storage stalls. To finance construction Pederson and Meyer pledged the security of T-Car for a $51,000 bank loan, repayable at $760 per month over a seven-year period.

After the construction was completed and since all of the storage stalls were not rented immediately, the three respondents brought suit against Pederson and Meyer seeking (1) to have the warehouse construction contract voided; (2) to recover monies the corporation had spent; (3) to recover damages in the amount of $7,857.59; and, (4) to recover the value of steel forms left over from the construction and later used by Pederson.

In support of their challenge to the construction contract, respondents contended the contract was unfair to T-Car, hence it was forbidden by NRS 78.140, because the Pedersons own Ready Mix, and the rental income was insufficient to meet the mortgage payments.[2]

The trial court agreed and found, as fact, that the construction agreement between T-Car and Ready Mix was unfair and, therefore, void. The record does not support this finding; therefore, it must be set aside. See Clark County v. Mullen, 91 Nev. 172, 533 P.2d 156 (1975).

This court has previously held that contracts between corporations and their directors are valid if, as here, the contract is fair to the corporation at the time it was made. See Hough v. Reserve Gold Mining Co., 55 Nev. 375, 35 P.2d 742 (1934). NRS 78.140. It is uncontested that T-Car received just what it ordered, an elaborate warehouse, for little more than the contractor's cost.[3] Without more, in the absence of a showing of substantial profiteering by Ready Mix, there is nothing in this record to support the lower court's determination that the contract was unfair when it was made.

The judgment of the district court is reversed, except for that

---

[2]Respondents' evidence established, *inter alia,* that if all 24 spaces in the warehouse were rented at all times, the scheduled rental revenue of $30 per month per space would produce only $720 monthly income, some $40 less than the monthly bank payment, a fact known to respondents prior to the time construction started.

[3]It is uncontroverted that Ready Mix made $660 on the project, a 1.3 percent profit.

portion in which it was specified that Ready Mix would reimburse T-Car for steel forms left over from the construction.

GUNDERSON, C. J., and ZENOFF and MOWBRAY, JJ., concur.