168

JACK H. PANGBORN, Assignee for the Benefit of Creditors of FREEMAN EQUIPMENT, INC., a Nevada Corporation, Appellant, *v.* NATIONAL ADVERTISING COMPANY, a Delaware Corporation, Respondent.

No. 8320

March 17, 1977                                        561 P.2d 456

*Leonard T. Howard,* Reno, for Appellant.

*Stewart & Horton,* and *Raymond B. Little,* Reno, for Respondent.

## OPINION

*Per Curiam:*

Appellant and respondent entered into a sublease which permitted respondent to erect an advertising sign on appellant's leasehold. The sublease provided: "If at any time . . . the use or installation of such displays is prevented or restricted by law or Lessee's inability to obtain any necessary permits or licenses, . . . the Lessee may, at its option, terminate this lease by giving the Lessor fifteen (15) days written notice, . . ." Respondent obtained a permit to erect the sign from the Nevada Highway Department, but failed to construct it within 120 days as apparently required by the department. Despite representations by the department that respondent would be given an extension of time to erect the sign and contrary to its past policy of granting extensions, the department summarily revoked respondent's permit. In the interim, the department issued a permit to another party to construct a sign on adjoining property within 500 feet of appellant's leasehold, thereby precluding pursuant to federal and state regulations the construction of a sign on appellant's leasehold.

Unable to obtain another permit, respondent gave appellant notice of termination and tendered pro rata rental payments covering the lease period prior to termination. Appellant refused to accept the rental payments and brought suit seeking to recover damages caused by respondent's alleged breach of the sublease. The district court found respondent had lawfully terminated the sublease and entered judgment for respondent, but awarded appellant the rental payments previously tendered and refused. Here appellant contends the district court erred by (1) admitting evidence of respondent's right of termination when respondent failed to specifically plead this as an affirmative defense, (2) finding respondent

lawfully terminated the sublease, and (3) denying appellant's costs. We disagree.

1. In his complaint, appellant alleged respondent had failed to pay sums due pursuant to the terms and conditions of the sublease. Respondent denied this averment in its answer and, at trial, was permitted to introduce evidence pertaining to its defense of rightful termination according to the tenor of the sublease. Appellant contends the district court should have excluded this evidence because it related to an affirmative defense which had not been specifically pleaded, as required by NRCP 8(c). The challenged evidence, which merely controverted appellant's prima facie case and neither raised matters outside appellant's case nor constituted a confession and avoidance, was admissible under respondent's pleading. NRAP 8(b); 2A Moore's Federal Practice § 8.19(1) at 1811–1812 (1975).

2. Appellant next contends respondent had no right to terminate the sublease because it was respondent's negligence which brought about the failure to obtain the necessary permits. The district court determined otherwise upon the ground that respondent, relying on the department's rules, regulations, and past history of granting extensions, could not have reasonably anticipated the summary revocation of the permit. This determination is supported by substantial evidence, and we will not disturb it on appeal. Alves v. Bumguardner, 91 Nev. 799, 544 P.2d 436 (1975); Clark County v. Mullen, 91 Nev. 172, 533 P.2d 156 (1975).

3. Finally, appellant contends the district court erred by denying him costs. A prevailing party or a plaintiff receiving a judgment in his favor can recover costs. NRS 18.010 and 18.020. Here, appellant neither succeeded on the main issue of the action nor received a judgment in his favor. This fact is not altered by the district court award to appellant of the pro rata rents previously tendered by respondent and refused by appellant.

Affirmed.