## LARRIE SCHMIDT AND JOYCE SCHMIDT, Appellants, v. FARIBORZ SADRI, BILL LASHLEE, JACK MATTHEWS REALTY, Respondents.

No. 10143

October 29, 1979          601 P.2d 713

*David M. Printz,* Las Vegas, for Appellants.

*Rogers, Monsey & Woodbury,* and *John M. Sacco,* Las Vegas, and *James M. Bixler,* Las Vegas, for Respondents.

## OPINION

By the Court, MANOUKIAN, J.:

In this appeal from a judgment in favor of respondents, defendants below, we are asked to determine whether the trial court erred in permitting respondents to introduce evidence of abandonment in an action for forcible entry and detainer, notwithstanding respondents' failure to plead it as an affirmative defense. We discern no error.

Appellants, plaintiffs below, Larrie and Joyce Schmidt, were tenants in a house owned by respondent Fariborz Sadri in Las Vegas, Nevada. Sadri decided to sell the residence and entered into an exclusive listing with the respondent Jack Matthews Realty and Matthews' salesman, Bill Lashlee. On June 15,

1976, Sadri entered into an agreement to sell his property to Mr. and Mrs. James Connors. Respondent Lashlee visited the property on June 21, 1976 and, believing appellants had abandoned the premises, helped clean the house to expedite the occupancy by the new owners.

Thereafter, the Schmidts filed an action in district court for forcible entry and unlawful detainer, trespass, conversion, and infliction of mental distress. The complaint specifically alleged that they were in actual, peaceful and quiet possession of the premises when the action of the respondents occurred. Respondents filed an answer generally denying the allegations in the complaint except for the admission that co-defendant Lashlee was the authorized agent of Jack Matthews Realty.

During trial, the judge allowed evidence to be presented concerning abandonment although it had not been specifically pleaded as a defense. Appellants objected to the admission of further evidence on abandonment after failing to object to evidence which had already been presented on the issue.

The trial court found in favor of the defendants on the basis of the abandonment of the premises. This appeal ensued.

An affirmative defense raises a matter which is beyond the limits of the plaintiff's prima facie case. Surprise and prejudice may result when evidence is admitted to prove a true affirmative defense that is without the scope of the plaintiff's complaint. *See* Mason v. Hunter, 534 F.2d 822, 825 (8th Cir. 1976). If an affirmative defense is not pleaded, it is ordinarily deemed waived, and no evidence can be submitted relevant to that issue. Chisholm v. Redfield, 75 Nev. 502, 508, 347 P.2d 523, 526 (1959).

Appellants contend that abandonment is an affirmative defense though it does not fall within the statutory list enumerated in NRCP 8(c).[1] The procedural list is, by its express terms, not exclusive and it requires affirmative pleading for any matter which constitutes an avoidance or affirmative defense. It is true, however, that evidence which merely controverts the plaintiff's prima facie case does not constitute a confession or avoidance. Pangborn v. National Advertising Co., 93 Nev.

[1]NRCP 8(c) provides in part:

In pleading to a preceding pleading, a party shall set forth affirmatively accord and satisfaction, arbitration and award, assumption of risk, contributory negligence, discharge in bankruptcy, duress, estoppel, failure of consideration, fraud, illegality, injury by fellow servant, laches, license, payment, release, res judicata, statute of frauds, statute of limitations, waiver, and any other matter constituting an avoidance or affirmative defense.

168, 170, 561 P.2d 456, 457 (1977). If a particular issue arises by logical inference from the allegations of the plaintiff's complaint, a general denial is treated as being sufficient to put those matters in issue. *Id.*

Appellants, in order to recover below, were required to demonstrate that they had actual or constructive possession. Courchaine v. Bullion Mining Co., 4 Nev. 369, 373–74 (1868); Mallett v. Uncle Sam Mining Co., 1 Nev. 188, 200–201 (1865). In reviewing the complaint, we note that it alleged that the appellants were rightfully in possession. A fortiori, it was natural for the trial court and all parties to infer that respondents' denial of that allegation placed abandonment in issue. Moreover, a defendant is entitled under a general denial, to introduce evidence which controverts any fact the plaintiff must prove in order to recover. Federal Deposit Insurance Corp. v. Siraco, 174 F.2d 360, 362 (2d Cir. 1949); Parkening v. Mullen, 396 P.2d 487, 489 (Okla. 1964).

In the instant case then, it is clear that, because adequate proof of possession was a precondition to plaintiff's recovery, the respondents' denial of that allegation allows them to introduce any relevant evidence which might controvert the fact of possession. Pangborn v. National Advertising Co., 93 Nev. at 169, 561 P.2d at 457; Parkening v. Mullen, 396 P.2d at 489. In addition, the 1951 legislature authorized this court to promulgate rules to regulate civil practice and procedure. The legislature envisioned that such rules would serve to simplify existing judicial procedures and promote the speedy determination of litigation upon its merits. NRS 2.120. On January 1, 1953, this court adopted the Nevada Rules of Civil Procedure, which are based primarily upon the federal rules. Nevada, then, is a notice pleading state, and it is reasonable to assume that a general denial of the plaintiff's alleged right to possession put the claim of abandonment in issue and provided appellants with sufficient notice. *See* NRCP 8(b).

Finally it is rudimentary that when an issue not raised by the pleadings is tried by express or implied consent of the parties, those issues shall be treated as if they were raised in the pleadings. Poe v. La Metropolitana Co., 76 Nev. 306, 308–09, 353 P.2d 454, 455–56 (1960); NRCP 15(b).[2] Appellants failed to satisfy the trial court that the admission of the complained of evidence would prejudice them in any legally cognizable way.

---

[2]NRCP 15(b) provides:
When issues not raised by the pleadings are tried by express or implied consent

The fact that appellants failed to object to the introduction of the initial evidence of abandonment was appropriately construed by the trial court as implied consent to the admission of other evidence. *See* Kaye v. Smitherman, 225 F.2d 583, 593, 594–95 (10th Cir. 1955), *cert. denied,* 350 U.S. 913 (1955).

We affirm the judgment of the district court.

Mowbray, C. J., and Thompson, Gunderson, and Batjer, JJ., concur.

---

of the parties, they shall be treated in all respects as if they had been raised in the pleadings. Such amendment of the pleadings as may be necessary to cause them to conform to the evidence and to raise these issues may be made upon motion of any party at any time, even after judgment; but failure so to amend does not affect the result of the trial of these issues. If evidence is objected to at the trial on the ground that it is not within the issues made by the pleading the court may allow the pleadings to be amended and shall do so freely when the presentation of the merits of the action will be subserved thereby and the objecting party fails to satisfy the court that the admission of such evidence would prejudice him in maintaining his action or defense upon the merits. The court may grant a continuance to enable the objecting party to meet such evidence.