FIRST FEDERAL SAVINGS AND LOAN ASSOCIATION OF NEVADA, APPELLANT AND CROSS-RESPONDENT, v. RACQUET CLUB CONDOMINIUMS, RESPONDENT AND CROSS-APPELLANT.

No. 20363

February 7, 1991                    805 P.2d 601

*Stephens, Knight & Edwards,* Reno, for Appellant and Cross-Respondent.

*Margo Piscevich and Kimberley Palmer Fenner; Hale, Lane, Peek, Dennison & Howard,* Reno, for Respondent and Cross-Appellant.

## OPINION ON REHEARING

*Per Curiam:*

On November 28, 1990, this court issued an opinion reversing the decision of the district court and remanding this matter with instructions. *See* First Federal v. Racquet Club Condominiums, 106 Nev. 758, 801 P.2d 1360 (1990). Appellant, First Federal Savings and Loan Association of Nevada, has petitioned for rehearing. Because this court misapprehended a material matter of fact, we grant this petition for rehearing, and we modify the mandate of our former opinion. *See* NRAP 40(c).

This case involves the ownership of two condominiums. Originally, a partnership named Western Camino Leasing, which was comprised of the Benners and the Sampaulesis, owned both condominiums. The partnership executed deeds transferring the properties to the Benners and the Sampaulesis. This was done to facilitate a transaction between these parties and the appellant bank. These original deeds contained the error that led to this litigation. The property transferred to the Benners actually belonged to the Sampaulesis, and visa versa.

At the same time, deeds of trust were executed in favor of the bank with respect to the two properties involved. These deeds of trust correctly reflected the ownership interests of the individual parties in the condominiums. Thus, the original deeds, which contained the error, did not match the deeds of trust, which did not contain any error.

The Sampaulesis took possession of Unit 49, and the Benners took possession of Unit 50 as correctly reflected in the deeds of trust. Respondent foreclosed on the properties to satisfy a lien which arose from the non-payment of association fees, and the bank foreclosed its interests which arose from the deeds of trust. Because First Federal's deeds of trust did not match the original deeds transferring the properties to the Benners and the Sampaulesis, respondent claimed that First Federal obtained no interest in the properties through its foreclosures. First Federal sought reformation of the original deeds, not the deeds of trust. The district court refused to reform the original deeds, and this appeal followed.

This court correctly held in its prior opinion that the district

court erred in refusing to reform the incorrect deeds. Accordingly, we reaffirm our opinion reversing the decision of the district court. Nevertheless, because this court was of the mistaken belief that the deeds of trust, rather than the original deeds, contained the error that caused this litigation, this court's prior opinion orders the district court to reform the bank's deeds of trust.

Accordingly, we vacate that portion of our prior opinion that requires the district court to reform First Federal's deeds of trust. We remand this matter to the district court with instructions to reform the original deeds issued from Western Camino Leasing to the Benners and the Sampaulesis so that those deeds reflect the true ownership interests of the Benners and the Sampaulesis in the properties involved.