*1397 OPINION

Per Curiam:

FACTS

Appellant Tillie Grappo (“Grappo”) owned two parcels of real estate, Lots 6 and 7, Millcreek Estates, Washoe County, Nevada. According to undisputed testimony at trial, Grappo attempted to shift the common boundary of these lots by causing to be recorded a Record of Survey. She did so to provide enough room on Lot 7 to conform with county setback requirements in preparation for building a house. Lot 7 was eventually encumbered by a deed of trust. The property description of the deed did not reflect the boundary as modified by Grappo. The deed of trust was foreclosed and the purchaser conveyed the property to respondents (“the Mauchs”). The district court reformed the deed of trust to reflect the boundary shift.
*1398 Grappo argues that the district court erred in reforming the deed of trust because (1) reformation was not supported by clear and convincing evidence; (2) the Record of Survey did not properly transfer the 17-foot parcel from Lot 6 to Lot 7, and the transfer was in violation of the statute of frauds; and (3) the Mauchs did not plead a claim for reformation, resulting in the taking of the 17-foot parcel without due process of law. We conclude that the district court did not err.

DISCUSSION

The district court’s decision to reform the deed of trust was supported by clear and convincing evidence. Deeds may be reformed in accordance with the intention of parties when that intention is frustrated by a mutual mistake. First Federal v. Racquet Club Condominiums, 106 Nev. 758, 761, 801 P.2d 1360, 1362 (1990) (citing Lattin v. Gray, 75 Nev. 128, 335 P.2d 778 (1959)), vacated in part, 107 Nev. 20, 805 P.2d 601 (1991). Reformation is based upon equitable principles, applied when a written instrument fails to conform to the parties’ previous understanding or agreement. A third party is entitled to reformation of a deed of trust or mortgage when by mutual mistake the parties to the deed have omitted from the legal description a tract of land intended to be conveyed, and the third party subsequently purchases the land under a decree of foreclosure. Id. at 761-62, 801 P.2d at 1362-63 (citing Johnston v. Sorrels, 729 S.W.2d 21, 23 (Ark. Ct. App. 1987)). Reformation in such a case must be supported by clear and convincing evidence. Johnston, 729 S.W.2d at 23.
In reviewing the record according to this standard, we note that Grappo failed to dispute the Mauchs’ trial testimony concerning her intent to shift the boundary between Lots 6 and 7 in order to comply with what she perceived to be setoff requirements in preparation for construction of a house on Lot 7. She does not dispute causing a fence to be built reflecting the new boundary. She does not dispute causing to be recorded the Record of Survey describing the boundary change. She does not dispute that she failed to assert an interest in the 17-foot parcel after shifting the boundaries. This evidence is sufficiently clear and convincing to justify the district court’s order.
With respect to the statute of frauds, we conclude that Grappo misunderstands the nature of the district court’s action. The issue before this court is not reformation of the Record of Survey, but reformation of the deed of trust. The Record of Survey is relevant only in that it reveals Grappo’s understanding of the boundaries *1399 of Lot 7, and thus her intent to include the 17-foot parcel in the deed of trust. The statute of frauds does not apply to reformation of a written instrument such as a deed of trust, see Roberts v. Hummel, 69 Nev. 154, 158, 243 P.2d 248, 249 (1952), nor does it apply to boundary shifting by a common owner. See 23 Am. Jur. 2d Deeds §§ 26-27 (1983).
Grappo relies in her reply brief upon two Idaho cases to support her statute of frauds argument, both of which concern the so-called “agreed boundary doctrine.” See Berg v. Fairman, 690 P.2d 896 (Idaho 1984); Gameson v. Remer, 537 P.2d 631 (Idaho 1975). According to this doctrine, a boundary line between two coterminous owners that is subject to dispute may be settled between the parties and bind successors in interest to the parties. Berg, 690 P.2d at 899; Gameson, 537 P.2d at 633. The doctrine is used to overcome potential statute of frauds problems which would arise if the agreed boundary was in fact inaccurate. See Shelton v. Malette, 301 P.2d 18, 21 (Cal. Ct. App. 1956).
In both cases cited by Grappo, the courts declined to apply the doctrine because the boundaries were not subject to dispute among the various parties. Berg, 690 P.2d at 899; Gameson, 537 P.2d at 633. Successors in interest were therefore precluded from asserting the validity of the new boundary because the shift essentially amounted to an oral conveyance of real property, in violation of the statute of frauds. Berg, 690 P.2d at 899; Gameson, 537 P.2d at 633. Grappo presumably deduces from these cases that the Mauchs, as successors in interest, are precluded from asserting ownership of the 17-foot parcel by operation of the statute of frauds because the true boundaries of Lots 6 and 7 were known. Grappo apparently is suggesting that the Mauchs’ only hope of overcoming the statute of frauds rests with the agreed boundary doctrine, but that the doctrine offers no help.
We conclude that the agreed boundary doctrine is inapplicable. This doctrine assumes the existence of some form of agreement between multiple parties to resolve a boundary dispute. See, e.g., Morrissey v. Haley, 865 P.2d 961, 963-64 (Idaho 1993). Grappo can neither agree, nor dispute, with herself over a boundary. In contrast, we note that other jurisdictions have validated boundary modifications initiated by a common grantor even when the modified boundary does not reflect deed descriptions. See DeRoche v. Winski, 409 So. 2d 41, 44 (Fla. Dist. Ct. App. 1981); Schultz v. Plate, 739 P.2d 95, 97 (Wash. Ct. App. 1987).
Finally, with respect to the Mauchs’ failure to request reformation in their pleadings, we conclude that the issues of mutual *1400 mistake and possible reformation were tried by express or implied consent, and that the Mauchs included in their complaint the facts necessary to sustain the district court’s decision to reform the deed of trust. See Schmidt v. Sadri, 95 Nev. 702, 601 P.2d 713 (1979).

CONCLUSION

In view of the foregoing, we conclude that the district court’s decision to reform the deed of trust was justified. Accordingly, we affirm the order of the district court.